BESSIE H. CORNATZER, WIDOW v. FERN P. (MRS. G. N.) NICKS

No. 7221SC31

(Filed 29 March 1972)

1. Trusts § 14— parol trust — absence of fraud

In the absence of fraud or other ground for equitable relief, a grantor may not impose a parol trust for his benefit on land which he conveys by deed purporting to vest title in the grantee.

2. Cancellation and Rescission of Instruments § 2; Fraud § 7— deed from parent to child — undue influence

The mere relationship of parent and child does not raise a presumption of fraud or undue influence in the execution of a deed by the parent to the child.

3. Trusts § 19— parol trust — fiduciary relationship — summary judgment

In an action to impose a parol trust on land conveyed by plaintiff and her husband to their son and his wife, the defendant, plaintiff's deposition shows that she cannot support her allegation that a fiduciary relationship existed between plaintiff and her son at the time of the conveyance, and summary judgment was properly entered in favor of defendant, where plaintiff testified that she always handled her own affairs and did so at the time of the conveyance, that the conveyance was her idea in the first place, and that her son did not misrepresent anything to her and did not pressure her in any way.

APPEAL by plaintiff from *Lupton, Judge,* 3 May 1971 Session of Superior Court held in FORSYTH County.

This is a civil action to impose a trust on real property. In substance, plaintiff alleged: In 1960 she and her since-deceased husband owned a vacant lot. They were then in their late sixties and were too old to get a loan to build a house on their property. Accordingly they made an agreement with plaintiff's son, under which they agreed to convey legal title to

their lot to the son and his wife, the defendant in this action, who in turn agreed to obtain a loan on the property and use the proceeds to build a house on the lot for the benefit of plaintiff and her husband. This arrangement was consummated in 1961, the lot was conveyed, the loan obtained, the house built, and plaintiff and her husband moved into the house and since that time have paid all taxes, maintenance costs, and made all payments to the Savings and Loan Association. The son died in 1970 and plaintiff thereafter asked defendant to convey the property back to her, but defendant refused to do so. Plaintiff prayed judgment that defendant holds title as trustee for plaintiff.

Defendant answered, denied material allegations of the complaint, and pleaded the Statute of Frauds. Defendant then moved for summary judgment under Rule 56, supporting her motion by presenting a copy of the recorded warranty deed by which plaintiff and her husband had conveyed the property to defendant and her husband, by affidavit of defendant, and by the deposition of plaintiff taken on adverse examination. The trial court, finding no genuine issue as to any material fact existed and concluding that defendant was entitled to judgment as a matter of law, granted the motion and dismissed plaintiff's action. Plaintiff appealed.

*Hatfield, Allman & Hall by Weston P. Hatfield and James W. Armentrout for plaintiff appellant.*

*Deal, Hutchins & Minor by William Kearns Davis for defendant appellee.*

PARKER, Judge.

[1-3] The judgment must be affirmed. In the absence of fraud or other ground for equitable relief, a grantor may not impose a parol trust for his benefit on land which he conveys by deed purporting to vest title in the grantee. *Willetts v. Willetts*, 254 N.C. 136, 118 S.E. 2d 548. Plaintiff's counsel recognizes this and seeks to distinguish *Willetts* by the contention that in the present case a confidential or fiduciary relationship existed between plaintiff and her son. An allegation to that effect was included in the complaint, but plaintiff's own deposition conclusively demonstrates that she cannot support it. The mere relationship of parent and child does not raise a presumption of

fraud or undue influence, *Walters v. Bridgers,* 251 N.C. 289, 111 S.E. 2d 176, and plaintiff's deposition discloses that in fact none existed here. She testified that she always handled all of her own affairs and did so in 1961, that the conveyance was her idea in the first place, and that her son did not misrepresent anything to her, did not use "any bit of undue influence," and did not pressure her in any way. Her testimony that her son would come over and take her where she wanted to go, fix anything she wanted him to, or mow the yard sometimes, bespeaks more a familial than a fiduciary relationship. *McNeill v. McNeill,* 223 N.C. 178, 25 S.E. 2d 615, relied on by appellant, is not applicable.

No genuine issue as to any material fact being shown and the undisputed facts disclosing that defendant is entitled to judgment in her favor as a matter of law, disposition by summary judgment was proper. *Kessing v. Mortgage Corp.,* 278 N.C. 523, 180 S.E. 2d 823.

In passing, we note that defendant stated in her affidavit that she intended to let plaintiff live in the house as long as she wanted to, and plaintiff testified in her deposition that no one had asked her to move out of the house and she had been told she could stay there the rest of her life.

Affirmed.

Judges CAMPBELL and MORRIS concur.