ELSIE EARL HIGH AND ISHAM HIGH v. IRENDA HIGH PARKS, AND HUSBAND, JOHN T. PARKS AND DOROTHY JEAN HIGH

No. 7810SC1010

(Filed 4 September 1979)

1. Deeds § 9— no deed of gift

　·　A deed was not a deed of gift and void because not recorded within two years as required by G.S. 47-26 since the deed recited consideration and the grantee's payment of a debt obligation to the grantor constituted consideration.

**2. Equity § 1.1; Trusts § 13.5— unclean hands—acts toward third parties**

In an action to have the court declare that defendants hold an interest in land conveyed to them by the female plaintiff in trust for plaintiffs, the plaintiffs were not barred from equitable relief by the "unclean hands" doctrine on the ground that the purpose of a conveyance of the land from the male plaintiff to the female plaintiff was to defraud creditors, since the third party creditors were not involved in the dispute between plaintiffs and defendants, and whatever interest defendants have was derived from this same allegedly unclean act.

**3. Trusts § 13.2— oral agreement to hold land in trust**

A conveyance of land upon an oral agreement by the grantees to hold the land until a third party paid a debt owed to the grantor and then to convey the land to the third party did not constitute an oral contract to convey land in violation of the statute of frauds, G.S. 22-2, but constituted a valid oral trust.

APPEAL by plaintiffs from *Godwin, Judge.* Judgment entered 3 August 1978 in Superior Court, WAKE County. Heard in the Court of Appeals 21 August 1979.

Plaintiffs, Isham High (Isham) and Elsie Earl High (Elsie), who are brother and sister, brought suit against their niece, Dorothy Jean High (Dorothy), their sister, Irenda High Parks (Irenda), and their sister's husband, John T. Parks (John) on 6 October 1976 to determine the ownership of certain real property located in the Little River Township of Wake County.

Plaintiffs allege in their complaint that Isham acquired the property by purchase at a foreclosure sale. Title was vested in him by a foreclosure deed dated 2 January 1970 and recorded 27 January 1970. Isham borrowed $1,218.00 from Elsie for purchase of the land. Isham had other creditors and, in order to protect the land and Elsie's interest, the land was conveyed to Elsie by a deed dated 2 January 1970 but actually executed on the day recorded, 17 February 1970. At the same time, Elsie executed a deed to the same property back to Isham. The deed from Elsie to Isham was not to be recorded until the $1,218.00 debt had been repaid. Isham repaid Elsie on or about 14 April 1976 and recorded the 17 February 1970 deed from Elsie to him on 14 April 1976. Elsie was involved in a car wreck in April. Fearing that her brother would not repay her, she conveyed to Irenda and Dorothy each a one-third interest under an oral agreement to hold the property until Isham paid the debt. The deed to Irenda and Dorothy was dated 20 April 1976 and recorded 21 April 1976.

Irenda and Dorothy refused to reconvey the property on Elsie's request. Plaintiffs requested that the court find Isham the record owner of the land and that any interest held by Irenda or Dorothy be declared an express, implied, constructive or resulting trust for the benefit of Isham and Elsie.

In answer to the complaint, defendants alleged that the funds loaned to Isham by Elsie were taken from funds deposited in a savings account by Dorothy. They alleged the 17 February 1970 deed from Elsie to Isham was a deed of gift not recorded within two years and therefore void. Defendants alleged also this conveyance was a scheme to defraud third party creditors and, thus, plaintiffs were seeking equity with "unclean hands." Finally, the defendants alleged the agreement of Elsie with Dorothy and Irenda was unenforceable under the statute of frauds. In a reply to defendants' answer, plaintiffs denied any attempt to defraud creditors, alleging that sufficient property was retained to pay all debts and the debts were, in fact, paid. Plaintiffs also denied any of the purchase money was provided by Dorothy and alleged it came from Elsie's Mechanics and Farmers Bank account.

A pretrial conference was held on 24 July 1978. The pretrial order contained a stipulation of undisputed facts based on the pleadings. Trial was set for that day. When the case came on for trial, defendants moved for judgment on the pleadings. The trial court concluded, as a matter of law, the contract to hold and convey between Elsie and the defendants was in violation of the statute of frauds, that the plaintiffs were barred from the equitable relief because of "unclean hands" in the transaction and granted defendants' motion to dismiss.

*Hatch, Little, Bunn, Jones, Few & Berry, by T. W. Bunn and David H. Permar, for plaintiff appellants.*

*Alfred D. Ward, Jr., and Joshua W. Willey, Jr., for defendant appellees.*

VAUGHN, Judge.

[1] Defendants moved for judgment on the pleadings pursuant to Rule 12(c) of the North Carolina Rules of Civil Procedure. The function of Rule 12(c) is to dispose of baseless claims or defenses which the pleadings show on their face lack any merit or fail to

present any controversy of fact. *Ragsdale v. Kennedy*, 286 N.C. 130, 209 S.E. 2d 494 (1974). Rule 12(c) provides, in part, "If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56. . . ." In this case, a pretrial order had been entered wherein certain facts were stipulated. All of the material facts stipulated, however, had been admitted in the pleadings. Plaintiffs and defendants conceded on oral argument that there were no facts outside of the pleadings for consideration by the court. The motion and its granting must, therefore, be judged under the standards of Rule 12(c). When so considered, we conclude that the trial court erred in the granting of the motion. There is no showing on the face of the pleadings that they lack merit or fail to present any controversy of fact. The deeds of 2 January 1970 and 17 February 1970 from Isham to Elsie and from Elsie to Isham and the recordation of these deeds before any deed from Elsie to the defendants was ever executed makes Isham's claim of title valid on its face. The reconveyance from Elsie to Isham recites consideration. The repayment of the debt obligation would also be consideration. Therefore, it does not appear to be a deed of gift and, consequently, void for failure of registration within two years as required by G.S. 47-26. Thus, upon appropriate proof of title under his deeds of record, Isham could prevail in the action without regard to the various trust theories alleged.

We also note that the court, in the order for judgment on the pleadings, made findings of fact and conclusions of law.

"The court is not required to find facts in a judgment on the pleadings since the facts determining disposition are those alleged in the pleadings; and the court cannot select some of the alleged facts as a basis for granting the motion on the pleadings if other allegations, together with the selected facts, establish material issues of fact." *Contracting Co. v. Rowland*, 29 N.C. App. 722, 725, 225 S.E. 2d 840, 842, *cert. den.*, 290 N.C. 660, 228 S.E. 2d 452 (1976).

The court made selective findings of fact and conclusions of law inappropriate for a Rule 12(c) motion.

The court found for example "[t]hat the acts and conduct of the plaintiffs themselves in their pleadings, constituted a calculated design and scheme to defraud creditors and they therefore have come into equity with unclean hands." The plaintiffs pled no such fact. Their pleadings state "[t]hat in an effort to secure his indebtedness to his sister, the Plaintiff, Elsie Earl High, and to protect said land from possible lien, Plaintiff, Isham High, and his wife executed a Form Warranty Deed describing said property to the Plaintiff Elsie Earl High. . . ." The plaintiffs in a reply reiterated that the deed secured the money loaned by Elsie to Isham to buy the land and to give him an opportunity to farm the land to pay off the creditors rather than defraud the creditors who were, in fact, paid. The trial court's findings went beyond the pleaded facts and resolved material disputed issues of fact that should have been resolved on trial.

[2] The trial court concluded as a matter of law "[t]hat the equitable relief sought by plaintiffs is barred by the 'clean hands' doctrine" and denied relief upon the maxim of equity that "he who comes into equity must come with clean hands." In this case, if the plaintiffs did anything inequitable—and this is a material issue of fact for trial—it was not against defendants but against third party creditors not involved in the property dispute in any way. A person is not barred from his day in court in a particular case because he acted wrongfully in another unrelated matter or because he is generally immoral. *Branch Banking & Trust Co. v. Gill*, 286 N.C. 342, 211 S.E. 2d 327 (1975), *withdrawn*, 293 N.C. 164, 237 S.E. 2d 21 (1977); *see also*, 27 Am. Jur. 2d, Equity § 142; 30 C.J.S. Equity § 98c. Further, whatever interest defendants derive also comes from this same allegedly unclean act against third persons by plaintiffs.

[3] The trial court also concluded that the agreement of Elsie with Irenda and Dorothy was an oral contract to convey land in violation of the statute of frauds. G.S. 22-2. We conclude, however, that if this interest in land conveyed by Elsie was to be held in trust for Isham as well as Elsie as the plaintiffs' complaint alleges, the statute of frauds would not apply. *Thompson v. Davis*, 223 N.C. 792, 28 S.E. 2d 556 (1944). Elsie could not, of course, contradict her deed to defendants by alleging an oral trust for herself alone without pleading fraud, mistake or undue influence. *Loftin v. Kornegay*, 225 N.C. 490, 35 S.E. 2d 607 (1945). An ex-

press trust on the land can be oral in this State which has no statute of frauds provision such as the seventh section of the English statute of 1676 which required a writing signed by the party declaring the trust. 29 Charles II, c. 3 s. 7. If applicable to the case, the equitable trust remedies alleged by plaintiffs do not require a writing. However, if plaintiff Isham proves his title by his deeds executed and recorded before those of defendants, it will not be necessary to reach and further litigate the questions involved in the equitable remedies.

For the reasons stated, the judgment of the trial court granting judgment on the pleadings is reversed.

Reversed.

Judges HEDRICK and ARNOLD concur.