ELSIE NORTON FERGUSON v. MORRIS S. FERGUSON AND WIFE, PATRICIA A. FERGUSON

No. 8115DC319

(Filed 5 January 1982)

1. Trusts § 19— parol trusts—trial on constructive trust theory—no summary judgment on express trust theory

   In an action to engraft a parol trust on a conveyance from plaintiff to her son and his wife, the denial of defendants' summary judgment motion will not be upheld on an express trust theory where plaintiff did not advance an express trust theory in her pleadings or at trial.

2. Trusts § 19— parol constructive trust—denial of summary judgment

   In this action to establish a constructive trust in land conveyed by plaintiff to defendants, her son and his wife, the trial court properly denied defendants' motion for summary judgment where plaintiff's forecast of evidence tended to show that the parties orally agreed prior to the conveyance that de-

fendants would hold the property for plaintiff or for all of her children and that defendants made such representations merely to mislead her while having no intention of complying with their promises.

**3. Trusts § 13.5— parol trust—clean hands doctrine**

Plaintiff was not prohibited by the clean hands doctrine from seeking to impose a parol trust on land conveyed to defendants, her son and his wife, by the fact that plaintiff allegedly conveyed the land to defendants in order to qualify for governmental aid in the event she became ill.

**4. Trusts § 18— action to establish parol trust—refusal of others to hold land for plaintiff—competency of evidence**

In an action to establish a constructive trust on land conveyed by plaintiff to defendants, her son and his wife, upon the oral promise of defendants to hold the land for plaintiff or all of her children, plaintiff's testimony that each of her three daughters refused to permit her to transfer the land to them on the condition that they would hold it until plaintiff's death and then divide the land equally among all the children was competent to bolster the credibility of and corroborate the plaintiff's version of the transaction.

**5. Trusts § 19— parol trust—sufficiency of evidence**

Plaintiff's evidence was sufficient for the jury in an action to establish a constructive trust on land conveyed by plaintiff to defendants, her son and his wife, upon the oral agreement by defendants to hold the land for plaintiff or for all of her children.

APPEAL by defendants from *Peele, Judge.* Judgment entered 27 October 1980 in District Court, ORANGE County. Heard in the Court of Appeals 11 November 1981.

This is an appeal from a verdict and judgment imposing a constructive trust on land conveyed by a mother to her son and his wife.

Plaintiff alleged the following in her verified Complaint. Prior to 1 April 1971, plaintiff and her since-deceased husband owned a four and one-half acre tract of land in Orange County. Plaintiff's husband incurred substantial medical expenses during his last illness. He was unable to obtain adequate financial or medical assistance from governmental authorities because he was record owner of the tract of land in question. When plaintiff's husband died on 1 April 1971, plaintiff became the fee simple owner of the land. Cognizant of the possibility of contracting a serious illness herself, plaintiff discussed with her children methods of preserving her savings and her land for them. After plaintiff's three daughters refused to take title to the land, plaintiff's son, Morris Ferguson, Jr., "agreed to put the . . . land in his name and hold it for Plaintiff, so she would qualify for government aid dur-

ing a serious illness and so her property would be preserved for all of her children." (Complaint, Paragraph 7) In accordance with this agreement, plaintiff, on 8 June 1976, conveyed the land to her son and his wife, the defendants. The deed was prepared at the direction of defendants and by counsel obtained by defendants. In the autumn of 1978, plaintiff discovered that the defendants had mortgaged the land. Alleging that the defendants furnished no consideration for the deed transferring the land to them and that the defendants procured title by misrepresentation and fraudulent statements of intent, plaintiff prayed for a constructive trust.

Defendants filed an Answer denying the material allegations of the Complaint and later filed a motion for summary judgment based on the pleadings and plaintiff's deposition. By Order dated 6 December 1979, the trial court denied defendants' motion for summary judgment.

The case was tried at the 9 June 1980 session of Civil District Court of Orange County. The jury found that defendants had promised to hold the land for the benefit of plaintiff or for her children, that plaintiff had relied on that promise, and that defendants did not intend to comply with the promise when they made it. Defendants moved for a new trial or, in the alternative, for a judgment notwithstanding the verdict, contending that the evidence was insufficient to justify the verdict. The motion was denied, and a Judgment was entered in accordance with the jury verdict. Defendants appeal.

*Northen & Bagwell, by O. Kenneth Bagwell, Jr., for defendant appellants.*

*J. Anderson Little, for plaintiff appellee.*

BECTON, Judge.

Defendants argue (1) that their motion for summary judgment should have been granted because no evidence of actual or constructive fraud was presented to support a constructive trust; (2) that the court erred in admitting testimony that plaintiff sought to get her three daughters to hold the land for the benefit of all the children; and (3) that their motions for a directed verdict and a new trial should have been granted because plaintiff failed to carry her burden of proof. We reject defendants' arguments.

I

SUMMARY JUDGMENT

Because this case involves a dispute over the existence and contents of an agreement to hold real property for the benefit of others, summary judgment was properly denied for the reasons that follow.

[1]  A. Plaintiff first argues that "[a] parol trust may be engrafted onto a deed valid on its face, even in the absence of fraud." Although this is a correct statement of the law relating to *express trusts*, it forms no basis for our holding since plaintiff in her complaint merely prayed for a constructive trust. Plaintiff incorrectly uses the terms "parol trust" and "constructive trust" interchangeably in her brief. An express trust arises by agreement of the parties. Constructive trusts "exist purely by construction of law, without reference to any actual or supposed intention to create a trust, for the purpose of asserting rights of parties or of frustrating fraud. . . ." *Avery v. Stewart,* 136 N.C. 426, 435, 48 S.E. 775, 778 (1904). It should be noted that a parol agreement may form the basis for an express trust or a constructive trust.

"North Carolina is one of a minority of states that has never adopted the Seventh Section of the English Statute of Frauds which requires all trusts in land to be manifested in writing." *Bryant v. Kelly,* 279 N.C. 123, 129, 181 S.E. 2d 438, 441 (1971). Indeed, our courts have "always upheld parol trusts in land in the 'A to B to hold in trust for C' situation" even when there is no consideration to support the transfer. *Id.* at 129-130, 181 S.E. 2d at 442. In this context, however, an express trust, not a constructive trust, is created. An express trust thus created may be proved by "parol evidence, which is clear, strong and convincing." *Electric Co. v. Construction Co.,* 267 N.C. 714, 719, 148 S.E. 2d 856, 859-60 (1966).

In the case *sub judice,* the evidence of an express trust seems clearly sufficient to submit the case to the jury. However, because parol trusts and constructive trusts are not synonomous and because plaintiff never advanced an express thrust theory in her pleadings or at trial, the denial of defendants' summary judgment motion will not be upheld on an express trust theory.

[2]　B. Summary judgment was properly denied since, as plaintiff next argues, "[a] parol trust may be engrafted onto a deed valid on its face if the elements of fraud exist." In this context, we speak of a constructive trust.

> The principle in its direct application to our case has been thus stated: "Where a party acquires property by conveyance or devise secured to himself under assurances that he will transfer the property to, or hold and appropriate it for, the use and benefit of another, a trust for the benefit of such other person is charged upon the property, not by reason merely of the oral promise, but because of the fact that by means of said promise he had induced the transfer of the property to himself."

136 N.C. at 435-36, 48 S.E. at 779, *quoting Glass v. Hulbert*, 102 Mass. 24, 39, 3 Am. Rep. 418, 430 (1869).

The mere failure, nothing else appearing, to perform an agreement or to carry out a promise does not give rise to a constructive trust, since such a breach would not constitute fraud or a breach of a fiduciary relationship. *Bank v. Insurance Co.*, 265 N.C. 86, 143 S.E. 2d 270 (1965). Moreover, the mere relationship of parent and child does not raise the presumption of fraud. *Willetts v. Willetts*, 254 N.C. 136, 118 S.E. 2d 548 (1961); *Walters v. Bridgers*, 251 N.C. 289, 111 S.E. 2d 176 (1959). However, it is fraudulent for a child, as grantee, to make a promise which deceives a parent, as grantor, and induce the parent to act when the child making the promise knows at the time it is made that he does not intend to perform the promise. *See Avery v. Stewart.*

To establish fraud the false representation must be of some material fact that is past or existing. And, although a promise, standing alone, relates to something that is to be done in the future, the state of mind of the promisor at the time of the promise is a past or existing material fact which can be falsely represented. *See* Lee, North Carolina Law of Trusts, pages 78-79 (1978). So, if defendants in this case made a promissory representation, intending at that time not to comply with the promise but rather to induce the plaintiff to act, such misrepresentation is fraudulent and will support the imposition of a constructive trust. As stated in *Lamm v. Crumpler*, 240 N.C. 35, 44, 81 S.E. 2d 138, 145 (1954):

What [a person's] condition of mind was at the time and his intent in respect to the fulfillment of the promise presents a question for the jury.

. . . The state of any person's mind at a given moment is as much a fact as the existence of any other thing. . . .

In this case, plaintiff clearly alleged that there existed an oral agreement between the parties prior to the legal conveyance of the land and further alleged that the defendants made promissory representations merely to mislead her while having no intention of complying with their promises. It is this forecast of evidence that distinguishes this case from *Cornatzer v. Nicks*, 14 N.C. App. 152, 187 S.E. 2d 385, *cert. denied* 281 N.C. 154, 188 S.E. 2d 365 (1972). In *Cornatzer*, plaintiff alleged that because she and her husband were too old to get a loan and build a home on their lot, they conveyed legal title to the lot to their son and his wife. Their son agreed to obtain a loan, build a house on the lot, and later to reconvey the property to plaintiff and her husband. The son later died, and his widow refused to convey the property to plaintiff. Significantly, the plaintiff in *Cornatzer* sought to require her son's wife to fulfill an oral agreement made between plaintiff and her son, which agreement the son had intended to fulfill but was prevented from doing so by his death. The son's wife had made no promise. Thus, there was no past or existing fact at issue and no evidence of fraud in *Cornatzer*.

In this case, the plaintiff alleged that the defendants never intended to fulfill their oral agreement when they induced her to convey the land to them. Because genuine issues of material fact concerning fraud were present, summary judgment was properly denied.

[3] C. The pleadings suggest that plaintiff conveyed her land to defendants in order to qualify for governmental aid in the event she became ill. Defendants, therefore, argue that the clean hands doctrine applies when a "grantor seeks to defraud creditors or secrete funds from government agencies." We summarily reject their argument that plaintiff came "into equity . . . with [un]clean hands."

The doctrine of clean hands is not one of absolutes that applies to every unconscionable act of a party. *Trust Co. v. Gill,*

*State Treasurer,* 286 N.C. 342, 364, 211 S.E. 2d 327, 342 (1975). Whether plaintiff committed an unconscionable act and whether her actions were more egregious than those of defendants, are questions of material fact to be decided by a jury and not by the court. *High v. Parks,* 42 N.C. App. 707, 257 S.E. 2d 661 (1979), *disc. review denied* 298 N.C. 806, 262 S.E. 2d 1 (1979). *See also* 30 C.J.S., Equity, § 98(a) (1965). Moreover, as we said in *High v. Parks:*

> [I]f the [plaintiff] did anything inequitable — and this is a material issue of fact for trial — it was not against defendants but against [a party] not involved in the property dispute in any way. A person is not barred from his day in court in a particular case because he acted wrongfully in another unrelated matter or because he is generally immoral. [Citations omitted.]

*Id.* at 711, 257 S.E. 2d at 663.

II

THE EVIDENTIARY RULINGS

[4] At trial, plaintiff testified that she, on separate occasions, asked each of her three daughters if they would allow her to transfer the land to them on the condition that they hold it until plaintiff's death and then divide the land equally among all the children. Plaintiff testified that each of her three daughters refused the offer. Each of the three daughters then corroborated plaintiff by testifying that the offer was made and refused. Defendants contend that the admission of this testimony was prejudicial and confusing. The relevancy of the testimony is apparent. It also tends to bolster the credibility of and corroborate the plaintiff's version of the transaction. As stated by plaintiff in her brief:

> the fact that the Plaintiff conveyed her land to the Defendant was not an isolated transaction. It was the final act in a conveyance that she had been attempting for some time, but had not been able to complete due to the lack of a willing participant among her family members. Testimony about her attempts to get another of her children to accept the land, then, was part and parcel of the transaction with the Defendants, which is the subject matter of this action.

Consequently, we are not persuaded that the trial court erred in its evidentiary rulings.

### III

THE POST TRIAL MOTIONS

[5] By their final assignment of error, defendants contend that plaintiff failed to meet her evidentiary burden at trial as a matter of law and thus: (1) "a verdict should have been directed against her pursuant to Rule 50 of the North Carolina Rules of Civil Procedure; or (2) the jury verdict in her favor should have been overturned pursuant to Rule 59 of the North Carolina Rules of Civil Procedure."

In passing on a motion for directed verdict or judgment notwithstanding the verdict, the evidence is to be taken in the light most favorable to the non-moving party, and that party is entitled to all reasonable inferences that can be drawn from it. *Summey v. Cauthen*, 283 N.C. 640, 197 S.E. 2d 549 (1973). We believe the trial court correctly submitted the plaintiff's case to the jury after determining that plaintiff had submitted evidence which, if believed by the jury, was sufficient to prove her claim. Plaintiff's case for the imposition of a constructive trust on the land which she conveyed to the defendants is clearly supportable. Plaintiff presented evidence that a false promissory representation of a past or existing material fact was made by the defendants; that the defendants made the promise intending at the time they made it not to comply with it, but rather to induce the plaintiff to convey her property to them; and that the plaintiff did in fact rely upon defendants' misrepresentation of their intent.

Defendants have presented no compelling arguments showing that they are entitled to a new trial. Accordingly, we find

No error.

Chief Judge MORRIS and Judge ARNOLD concur.