PRUE W. MARTIN v. MITCHELL ALLEN MARTIN AND KATHY MARTIN

No. 8427SC498

(Filed 19 February 1985)

**Trusts § 19— constructive trust—no evidence of misrepresentation—summary judgment for defendant proper**

Summary judgment was properly granted for defendants in an action to impose a constructive trust on land conveyed by plaintiff to her son where neither the pleadings nor the affidavits alleged a single statement or promise by the son that could be said to have misrepresented his intentions or fraudulently induced plaintiff to convey the property to him.

APPEAL by plaintiff from *Owens, Judge.* Judgment entered 29 February 1984 in Superior Court, GASTON County. Heard in the Court of Appeals 10 January 1985.

This is a civil action wherein plaintiff seeks to impose a constructive trust on land conveyed by plaintiff to her son, the defendant.

On 29 November 1983 plaintiff filed a complaint in which she made the following allegations: plaintiff and her husband acquired title to the land in question in 1944 as tenants by the entirety. Upon the death of her husband, plaintiff became the sole owner of the property. On 19 June 1980, plaintiff signed a deed conveying the property to Mitchell Allen Martin, the defendant. Mr. Martin paid no consideration for the property. Plaintiff's complaint contained the following pertinent allegations:

8. That said property was conveyed by plaintiff, Prue W. Martin to Mitchell Allen Martin to be held in trust for the said Prue W. Martin.

. . .

11. That the defendant Mitchell Allen Martin has paid nothing for said property, and that the Deed was signed with the intent that the property would be held in trust and returned to the plaintiff upon demand.

12. That the plaintiff has demanded that the defendant return said property to her by transferring the same to her by Deed, but that the defendants have refused.

13. That the defendant as trustee has violated his fiduciary duty to the plaintiff by refusing to reconvey said property to her.

Based on these allegations plaintiff asked that the court impose a constructive trust on the property held by defendant and his wife as tenants by the entirety. On 16 December 1983 defendants filed an answer in which they admitted that plaintiff conveyed the property to Mr. Martin and that Mr. Martin paid no consideration for the land and denied the remaining material allegations of plaintiff's complaint. On 16 December 1983 defendants filed a motion for summary judgment, which motion was granted by the court on 29 February 1984. Plaintiff appealed.

*Childers, Fowler & Childers, by Max L. Childers and David C. Childers, for plaintiff, appellant.*

*Kemp A. Michael for defendants, appellees.*

HEDRICK, Chief Judge.

Plaintiff assigns error to the order granting summary judgment for defendants, contending that there exist "genuine issues of material fact as to the intentions and motives of the parties."

The general rule, set out in *Gaylord v. Gaylord*, 150 N.C. 222, 227, 63 S.E. 1028, 1031 (1909), provides:

[E]xcept in cases of fraud, mistake or undue influence, a parol trust, to arise by reason of the contract or agreement of the parties thereto, will not be set up or engrafted in favor of the grantor upon a written deed conveying to the grantee the absolute title, and giving clear indication on the face of the instrument that such a title was intended to pass.

*See also Willetts v. Willetts*, 254 N.C. 136, 118 S.E. 2d 548 (1961); *Best v. Perry*, 41 N.C. App. 107, 254 S.E. 2d 281 (1979).

Plaintiff contends that the holding in *Gaylord* does not bar her claims against defendants because "[t]he situation reflected by record raises a question of fraud or undue influence." Plaintiff's argument relies heavily on *Ferguson v. Ferguson*, 55 N.C. App. 341, 285 S.E. 2d 288, *disc. rev. denied*, 306 N.C. 383, 294 S.E. 2d 207 (1982), in which this Court upheld the denial of the

defendants' motion for summary judgment on. facts similar to those of the instant case. In *Ferguson* the plaintiff alleged that her son "agreed to put the . . . land in his name and hold it for Plaintiff, so she would qualify for government aid during a serious illness and so her property would be preserved for all of her children." Plaintiff subsequently conveyed the property to her son and his wife, the defendants. Defendants furnished no consideration for the conveyance. Plaintiff's complaint alleged that defendants procured title by misrepresentation and fraudulent statements of intent. On these facts this Court said:

> [I]f defendants in this case made a promissory representation, intending at that time not to comply with the promise but rather to induce the plaintiff to act, such misrepresentation is fraudulent and will support the imposition of a constructive trust. . . . In this case, plaintiff clearly alleged that there existed an oral agreement between the parties prior to the legal conveyance of the land and further alleged that the defendants made promissory representations merely to mislead her while having no intention of complying with their promises . . . . In this case, the plaintiff alleged that the defendants never intended to fulfill their oral agreement when they induced her to convey the land to them. Because genuine issues of material fact concerning fraud were present, summary judgment was properly denied.

*Id.* at 345-46, 285 S.E. 2d at 291-92.

We now examine the pleadings and affidavits in the instant case, in light of this Court's discussion in *Ferguson*. Plaintiff's complaint contains no allegation that defendant Mitchell Martin made any promise or other statement for the purpose of inducing plaintiff to convey her property to him; while Paragraph 11 of the complaint states that "the Deed was signed with the intent that the property would be held in trust and returned to the plaintiff upon demand," this allegation goes only to plaintiff's intent, and makes no reference to any action or intention of defendant. Affidavits filed by plaintiff in opposition to defendants' motion for summary judgment are equally silent as to statements made by defendant Mitchell Allen Martin inducing conveyance of the property. In her affidavit Gail Lyles, plaintiff's daughter, states that she suggested to plaintiff that plaintiff "put [the property] in

Martin v. Martin

Allen's [the defendant] name since he is living there." Ms. Lyles goes on to say, "I called Allen and told him the situation and he understood what the situation was and he agreed to hold the property in his name and I called the lawyer, and I went over with my mother and we put the property in Allen's name." The affidavit filed by plaintiff states in pertinent part:

> Gail suggested that I put it in Allen's name because he was living there, and I agreed. The sole purpose for putting it into Allen's name was for him to hold the property for me, I certainly had no intention of deeding all the property to him . . . . Allen was living on the premises and when Gail suggested that I put it in his name, I agreed, and she called Allen and asked if it was alright to place it in his name and he agreed. I am sure he understood that the property was being placed in his name merely so that I could continue receiving the SSI check . . . . Allen paid me no money and merely agreed to have the property placed in his name . . . . I expected that I could have the deed changed back any time that I asked him to and I am sure that that is what he understood.

We think this evidentiary forecast falls far short of demonstrating a genuine issue of material fact concerning fraud. Plaintiff has nowhere alleged a single statement or promise by defendant that could be said to have misrepresented his intentions or fraudulently induced plaintiff to convey the property to him. Summary judgment for defendants is

Affirmed.

Judges WHICHARD and PARKER concur.