**ELLIS v. VESPOINT**

[102 N.C. App. 739 (1991)]

M. B. ELLIS, EARL D. ELLIS, ARTHUR F. ELLIS, FRANK D. ELLIS, DOROTHY ELLIS HALL, JESSIE ELLIS GRIMM AND MARGARET ELLIS MONDOZZI v. CLARA ELLIS VESPOINT

No. 9026SC939

(Filed 7 May 1991)

### 1. Trusts § 18 (NCI3d) — parol trust — conversations — admissible

The trial court did not err in an action to establish a parol trust in land by allowing plaintiff Frank Ellis to testify after he admitted that he did not know the exact date of discussions concerning the transfer of the property to defendant to hold for the benefit of the Ellis children. Frank testified that the discussions occurred before the conveyance of the land to defendant, and the evidence was relevant to the requirements for an express parol trust.

**Am Jur 2d, Trusts §§ 627 et seq.**

### 2. Rules of Civil Procedure § 50 (NCI3d) — directed verdict — evidence subsequently presented — directed verdict waived

Defendant waived her directed verdict motion made at the close of plaintiffs' evidence by putting on evidence of her own.

**Am Jur 2d, Motions, Rules, and Orders §§ 9 et seq.**

### 3. Trusts § 19 (NCI3d) — parol trust — evidence sufficient

Plaintiffs' evidence was sufficient to survive defendant's directed verdict motion in an action to establish a parol trust in land where the evidence, viewed in the light most favorable to the non-movants, discloses circumstances which indicate with a reasonable certainty that the grantor, Ellis, intended to create a trust in favor of the Ellis children, and proof of fraud, mistake, or undue influence was not required because the trust was not created in favor of the grantor.

**Am Jur 2d, Trusts §§ 635 et seq.**

APPEAL by defendant from judgment entered 2 May 1990 in MECKLENBURG County Superior Court by *Judge C. Walter Allen.* Heard in the Court of Appeals 19 March 1991.

*William G. Robinson for plaintiff-appellees.*

*Goodman, Carr, Nixon & Laughrun, by Michael P. Carr, for defendant-appellant.*

GREENE, Judge.

The defendant appeals from a judgment entered 2 May 1990 in which the trial court ordered that title to certain real property be vested in the plaintiffs.

Prior to the introduction of any evidence, the parties stipulated that witnesses at trial were prohibited from testifying as to statements made by Queen Ellis (Ellis). The parties complied with this stipulation. Viewed in the light most favorable to the plaintiffs, the evidence tends to show the following: In January of 1962, Ellis owned approximately forty acres of land in Mecklenburg County. Ellis was the plaintiffs' and defendant's mother. Two of the plaintiffs, Frank Ellis (Frank) and M. B. Ellis (Pete), and the defendant wanted to borrow $5,000 from Ellis to purchase some equipment for a business which the two plaintiffs and the defendant's husband were operating. Frank, Pete, and the defendant went to their mother and explained their desires. During the discussions, Frank, Pete, and the defendant decided that the best way to get the loan would be to have Ellis transfer title to the defendant, and then have the defendant get the loan by using the forty acres of land as collateral. They thought that title should be placed in the defendant's name because she was the wisest of the three children. They also discussed what would happen to the land if anything ever happened to their mother. Frank and Pete testified that the defendant promised Ellis to take title to the land, make sure that the loan was repaid, and that if anything happened to their mother, she would divide the land equally among Ellis' children.

At some time after the discussions, Pete took Ellis to her attorney where she transferred title to the land to the defendant. The defendant later obtained the loan using the land as collateral. Pursuant to the agreement, the defendant repaid the loan. Ellis remained on the land until her death in 1972. From 1962 to Ellis' death, the defendant paid all of the property taxes on the land, made all general repairs to it, and received all of the farming income from it. Frank testified that during either 1982 or 1983, the defendant assured him that the land would remain in the Ellis

ELLIS v. VESPOINT

[102 N.C. App. 739 (1991)]

name. Pete testified that the defendant told him on numerous occasions that the Ellis children would all get their equal shares of the land.

In June of 1988, a boundary dispute arose between Earl Ellis, a plaintiff, and the defendant's son. From this dispute there arose questions about the existence of an alleged oral trust for the benefit of the Ellis children. The defendant denied its existence, and the plaintiffs filed suit. A jury trial followed resulting in a verdict for the plaintiffs.

---

The issues are (I) whether the trial court erred in allowing Frank to testify about the sequence of events during which an alleged parol trust was created; (II) whether the trial court erred in denying the defendant's directed verdict motion made at the close of the plaintiffs' evidence; and (III) whether (A) the plaintffs produced sufficient evidence of intent to create a trust to withstand a directed verdict motion; (B) the plaintiffs were required to produce evidence of fraud, mistake, or undue influence to establish the alleged parol trust.

I

[1] When asked on direct examination if he remembered the exact date that he, Pete, Ellis, and the defendant discussed conveying the property to the defendant to hold for the benefit of the Ellis children, Frank testified that he did not. However, he testified that after their discussions, Ellis transferred title to the land to the defendant. The defendant argues that the trial court erred in allowing Frank to testify after admitting that he did not know the exact date of the discussions. We disagree.

In North Carolina, express trusts may be written or oral. Because North Carolina "has never adopted the Seventh Section of the English Statute of Frauds which requires all trusts in land to be manifested in writing," real property may be made the subject of parol trusts. *Bryant v. Kelly*, 279 N.C. 123, 129, 181 S.E.2d 438, 441 (1971); *see also Graves v. Walston*, 302 N.C. 332, 340-41, 275 S.E.2d 485, 490 (1981). "[O]ur courts have 'always upheld parol trusts in land in the "A to B to hold in trust for C" situation' even when there is no consideration to support the transfer." *Ferguson v. Ferguson*, 55 N.C. App. 341, 344, 285 S.E.2d 288, 291, *disc. rev. denied*, 306 N.C. 383, 294 S.E.2d 207 (1982) (quoting *Bryant*,

279 N.C. at 129-30, 181 S.E.2d at 442); *see also* G. Bogert, The Law of Trusts and Trustees § 64 (rev. 2d ed. 1984); Restatement (Second) of Trusts §§ 17(b) & 39 (1957); Lord & Van Hecke, *Parol Trusts in North Carolina*, 8 N.C.L. Rev. 152 (1930). "Evidence of the establishment of a parol trust is required to be clear, cogent, and convincing; a mere preponderance of the evidence is not sufficient." *Bryant*, 279 N.C. at 130, 181 S.E.2d at 442. The facts of this case present the "A to B to hold land in trust for C" situation.

The requirements of an express, parol trust in the "A to B to hold land in trust for C" situation are (1) sufficient words or circumstances showing that the settlor intended to create a trust, (2) definite trust property, (3) an ascertained beneficiary, and (4) a promise by the trustee to hold the trust property in trust for the beneficiary at or before acquiring the legal title to the trust property. *See Wells v. Dickens*, 274 N.C. 203, 211, 162 S.E.2d 552, 557 (1968) (fourth requirement); *Colwell Elec. Co. v. Kale-Barnwell Realty & Constr. Co.*, 267 N.C. 714, 719, 148 S.E.2d 856, 859-60 (1966) (fourth requirement); *Wachovia Bank & Trust Co. v. Taylor*, 255 N.C. 122, 126, 120 S.E.2d 588, 591 (1961) (second and third requirements); *Williams v. Mullen*, 31 N.C. App. 41, 45, 228 S.E.2d 512, 514-15 (1976) (first requirement). The defendant's first argument raises a question involving only the fourth requirement.

Here, Frank testified that although he did not know the exact date of the discussions, he knew they occurred before Ellis conveyed the land to the defendant. This evidence was relevant to the issue raised by the fourth requirement for an express, parol trust because it shows that the discussions in which the defendant allegedly promised to keep the land for the benefit of the Ellis children occurred before title to the land passed to the defendant. Accordingly, the trial court did not err in allowing Frank to continue testifying after the defendant's objection.

II

[2] The defendant argues that the trial court erred in denying her directed verdict motion made at the close of the plaintiffs' evidence. We do not address the merits of this argument. After the trial court denied the defendant's motion, the defendant put on evidence. By doing this, the defendant waived her directed verdict motion made at the close of plaintiffs' evidence. *Rice v. Wood*, 82 N.C. App. 318, 322, 346 S.E.2d 205, 208, *disc. rev. denied*, 318 N.C. 417, 349 S.E.2d 599 (1986).

ELLIS v. VESPOINT

[102 N.C. App. 739 (1991)]

III

[3] The defendant argues that the trial court erred in denying her directed verdict motion made at the close of all of the evidence. The defendant did not argue this motion to the trial court, rather, she simply renewed her earlier directed verdict motion without specifically stating the grounds for her renewed motion. Therefore, the grounds argued for her first directed verdict motion are considered to be the grounds for her second directed verdict motion. *Hodges v. Hodges*, 37 N.C. App. 459, 464, 246 S.E.2d 812, 815 (1978). The only grounds asserted for the defendant's first directed verdict motion were that the plaintiffs had neither produced sufficient evidence of Ellis' intent to create a trust nor had they produced any evidence of fraud, mistake, or undue influence. Accordingly, these are considered to be the grounds for the second directed verdict motion.

Furthermore, "grounds not asserted in the trial court [for a directed verdict motion] may not be asserted on appeal." *Broyhill v. Coppage*, 79 N.C. App. 221, 225, 339 S.E.2d 32, 36 (1986); *see also Feibus & Co. v. Godley Constr. Co.*, 301 N.C. 294, 297-302, 271 S.E.2d 385, 388-90 (1980). On this appeal, the defendant argues that the trial court should have granted her second directed verdict motion on one of four grounds, two of which were not asserted in the trial court. Accordingly, we only consider the denial of the defendant's second directed verdict motion with regard to the grounds asserted before the trial court.

A

The defendant argues that the second directed verdict motion should have been granted on the ground that the plaintiffs did not produce sufficient evidence of Ellis' intent to create a trust.

The purpose of a motion for directed verdict is to test the legal sufficiency of the evidence for submission to the jury and to support a verdict for the non-moving party. . . . In deciding the motion, the trial court must treat non-movant's evidence as true, considering the evidence in the light most favorable to non-movant, and resolving all inconsistencies, contradictions and conflicts for non-movant, giving non-movant the benefit of all reasonable inferences drawn from the evidence. . . . Non-movant's evidence which raises a mere possibility or conjecture cannot defeat a motion for directed

verdict. . . . If, however, non-movant shows more than a scintilla of evidence, the court must deny the motion.

*McFetters v. McFetters*, 98 N.C. App. 187, 191, 390 S.E.2d 348, 350, *disc. rev. denied*, 327 N.C. 140, 394 S.E.2d 177 (1990) (citations omitted).

Pursuant to the first requirement for express, parol trusts, " '[t]he intention to create a [parol] trust must be sufficiently expressed, and the declaration of trust must show the intention with reasonable certainty. It must be clear that a trust was intended. It is necessary that there be a definite, unequivocal, explicit declaration of trust, *or circumstances which show with reasonable certainty . . . that a trust was intended to be created.*' " *Williams*, 31 N.C. App. at 45, 228 S.E.2d at 515 (citation omitted) (emphases added). Here, the plaintiffs' evidence shows that Frank, Pete, and the defendant discussed in front of Ellis the best way for them to get the needed business loan, and that Frank, Pete, and the defendant agreed that the best way would be to have Ellis transfer the land to the defendant to hold for the benefit of the Ellis children. Frank and Pete testified that the defendant promised Ellis to hold the land for the benefit of the Ellis children. According to this understanding, Ellis transferred the land to the defendant. This evidence, viewed in the light most favorable to the non-movants, discloses circumstances which indicate with reasonable certainty that Ellis intended to create a trust in favor of the Ellis children. Accordingly, the plaintiffs' evidence was sufficient to withstand the defendant's directed verdict motion.

B

The defendant argues that her directed verdict motion should have been granted because the plaintiffs failed to produce any evidence of fraud, mistake, or undue influence. The defendant argues that without this evidence, this parol trust cannot exist. We disagree.

The defendant relies on the following principle which states:

[E]xcept in cases of fraud, mistake or undue influence, a parol trust, to arise by reason of the contract or agreement of the parties thereto, will not be set up or engrafted in favor of the *grantor* upon a written deed conveying to the grantee the absolute title, and giving clear indication on the face of the instrument that such a title was intended to pass.

BELMONT LAND AND INVESTMENT CO. v. STANDARD FIRE INS. CO.

[102 N.C. App. 745 (1991)]

*Day v. Powers*, 86 N.C. App. 85, 87, 356 S.E.2d 399, 401, *disc. rev. denied*, 320 N.C. 791, 361 S.E.2d 73 (1987) (quoting *Gaylord v. Gaylord*, 150 N.C. 222, 227, 63 S.E. 1028, 1031 (1909) ) (emphasis added); *see also Willetts v. Willetts*, 254 N.C. 136, 143-44, 118 S.E.2d 548, 553 (1961). The defendant's reliance on this principle is misplaced. These cases require proof of fraud, mistake, or undue influence when a trust is created in favor of a grantor. *See Ferguson*, 55 N.C. App. at 344, 285 S.E.2d at 291 (parol trust valid in absence of fraud). Here, the trust was created not in favor of Ellis, but in favor of Ellis' children. Accordingly, this argument is without merit.

No error.

Judges PHILLIPS and PARKER concur.