**STATE OF WASHINGTON, Washington State Highway Commission, Department of Highways, Plaintiff,**

**v.**

**M/V DILKARA, her engines, tackle, apparel, furniture, and equipment, Defendant,**

**and**

**Blue Star Line, Ltd., Port Line, Ltd. and Ellerman Lines, Ltd., Claimants.**

**No. C77-22T.**

United States District Court, W. D. Washington.

April 11, 1979.

Slade Gorton, Atty. Gen., and Walter Tabler, Asst. Atty. Gen., State of Washington, Olympia, Wash., for plaintiff.

Thomas F. Paul of Howard, LeGros, Buchanan & Paul, Seattle, Wash., for defendant and claimants.

## ORDER STRIKING AFFIRMATIVE DEFENSE AND COUNTERCLAIM

BEEKS, Senior District Judge.

This action involves an allision between the M/V DILKARA and the Blair Bridge owned and operated by the State of Washington. At the time of the allision, J. P. Osnes, a compulsory pilot, licensed by the State, was on board DILKARA to assist in navigation. In answer to the complaint, defendant pleads as an affirmative defense and counterclaim the issue of vicarious liability. DILKARA contends that, because of State's extensive regulation and control over the pilot, any negligence of the pilot would be imputed to State on a respondeat superior theory. Paragraph VII of DILKARA's answer specifically states:

> The State required the M/V DILKARA and claimants under compulsion of law to use a State licensed pilot. If the allision were (sic) proximately contributed to by the negligence of the pilot, which claimants deny, there can be no liability to the State on the part of the M/V DILKARA or claimants for such negligence because under R.C.W. 88.16, the State, through the State Board of Pilotage Commissioners, regulated and controlled the professional behavior of the pilot and is precluded from recovering damages resulting from his negligence.

State now moves to strike paragraph VII as an insufficient defense, and to dismiss the counterclaim based on paragraph VII

for failing to state a claim upon which relief can be granted. State's motion, however, comes almost a year and four months after DILKARA answered.

A party must move to strike a defense as insufficient within twenty (20) days after receipt of the answer. *FRCP* 12(f). Technically, State's motion to strike is untimely. Under Rule 12(f), however, the Court at any time, on it's own initiative, may order stricken any insufficient defense. *See* 2A *Moore's Federal Practice*, ¶ 12.21 (2d ed. 1975). A party may move at any time to dismiss a counterclaim for failure to state a claim upon which relief can be granted. *FRCP* 12(h)(2). The Court, having doubt as to the validity of the defense, will consider striking it together with the motion to dismiss the counterclaim.

The issue is whether, assuming the pilot was negligent, his negligence can be imputed to the State on any theory of vicarious liability.

The Washington Pilotage Act, R.C.W. § 88.16 *et seq.*, vests in the State Board of Pilotage Commissioners broad and exclusive powers to regulate and control the professional behavior of Washington pilots. The Board's powers include the issuance and revocation or suspension of pilots' licenses, the promulgation of rules promoting efficient and competent pilotage services, and the enforcement of penalties for violations of Board rules or the Pilotage Act itself. R.C.W. §§ 88.16.030, 090, 100. The licensing and regulation of the pilots, however, does not create an employer/employee or principal/agent relationship between the State and the pilots.

Washington's compulsory pilot laws, R.C.W. §§ 88.16.070, 180, do not change the relationship between the State and the pilot. The pilots remain licensed independent contractors, hired by the vessels. *See Port of Seattle v. M/V Maria Rubicon*, 404 F.Supp. 302 (W.D. Wash. 1975).

A governmental agency may be vicariously liable for the actions of a compulsory pilot if the agency, in addition to regulating the pilot's profession, is the pilot's employer. *City of Long Beach v.*

*American President Lines*, 223 F.2d 853 (9th Cir. 1955); *National Development Co. v. City of Long Beach*, 187 F.Supp. 109 (S.D. Calif. 1960), *aff'd* 289 F.2d 586 (9th Cir. 1961), *cert. denied* 368 U.S. 901, 82 S.Ct. 177, 7 L.Ed.2d 95 (1961). More than mere licensing and regulation of the pilots is required for liability. The government agency must benefit from the contract between the pilot and the vessel, or have direct control over the pilot's actions. *City of Long Beach v. American President Lines, supra.* In the present case the State only requires vessels operating under its jurisdiction to have a state licensed pilot on board. The State does not benefit from the contract between the vessel and the pilot, or control the pilot's actions. DILKARA relies heavily on *City of Long Beach v. American President Lines, id.* Apparently counsel overlooked the following passage: "[m]uch different would it be if Long Beach provided by ordinance only that a pilot licensed by Long Beach would be permitted to perform pilotage." *Id.* at 858.

Accordingly, the counterclaim and affirmative defense are dismissed.