**FOOD LION, INC., Plaintiff,**

**v.**

**CAPITAL CITIES/ABC, INC., ABC Holding Co., American Broadcasting Companies, Inc., Lynne Litt, Richard N. Kaplan, Ira Rosen and Susan Barnett, Defendants.**

### No. 6:92CV00592.

United States District Court,
M.D. North Carolina,
Winston–Salem Division.

Nov. 27, 1996.

W. Andrew Copenhaver, David A. Shirlen, Elizabeth B. McGee, Winston–Salem, NC, John J. Walsh, New York City, Richard L. Wyatt, Jr., Washington, DC, for plaintiff.

H. Hugh Stevens, Jr., Jerry S. Alvis, Katherine A. O'Connor, Raleigh, NC, Randall Turk, William Jeffress, Jr., Washington, DC, Alan W. Duncan, Greensboro, NC, for defendants.

### MEMORANDUM OPINION AND ORDER

TILLEY, District Judge.

Plaintiffs filed three different motions relating to defenses put forth by ABC. The three motions are: (1) Motion to Strike Defenses of Unclean Hands and Exclude Any

Evidence Related to that Defense or, in the Alternative, to Bifurcate the Trial and Have the Court Consider that Defense [Doc. # 381]; (2) Motion for Summary Judgment on Defendants' Affirmative Defenses of Necessary Trespass, Unclean Hands, and In Pari Delicto [Doc. # 383]; (3) Motion to Limit Evidence on the Defenses of Necessary Trespass, Unclean Hands and In Pari Delicto to the Time Period of ABC's Undercover Investigation [Doc. # 385]. Defendants subsequently withdrew the defense of necessary trespass, (Defs.' Response to Pl.'s Mot., at 2 [Doc. # 420] ), so only the defenses of unclean hands and *in pari delicto* are at issue here. For the reasons stated below, Plaintiff's Motion for Summary Judgment [Doc. # 383] on these matters is GRANTED. Plaintiff's remaining motions [Doc. # 381, Doc. # 385] are DISMISSED AS MOOT in light of the ruling on summary judgment.

## I.

This matter arises out of an undercover investigation conducted by ABC's news program *PrimeTime Live*. During the course of preparing a story on Food Lion, two of ABC's employees applied for jobs with Food Lion by submitting falsified employment histories and other falsified information. Defendant Lynne Litt[1] was hired as a meat wrapper. Defendant Susan Barnett was hired as a deli clerk. While working at the Food Lion store, Litt and Barnett wore a hidden camera to record daily events. As a result of these actions and the subsequent broadcast, Food Lion filed suit against the Defendants alleging several tort and statutory claims. ABC answered claiming the affirmative defenses of, among other things, unclean hands and *in pari delicto*. As set out above, Plaintiffs have advanced a number of theories to eliminate or limit those defenses.

## II.

■ Rule 12(f) provides time limitations for the filing of a motion to strike, Fed. R.Civ.P. 12(f), and Plaintiff's motion falls out-side of that time limit. A court can, in its discretion, strike parts of pleading at any time and can, therefore, consider a motion outside of the time limit. *See, e.g., Coolidge v. Judith Gap Lumber Co,* 808 F.Supp. 889 (D.Me.1992); *State of Washington v. M/V Dilkara,* 470 F.Supp. 437 (W.D.Wash.1979). Instead, since Plaintiff also filed a summary judgment motion with regard to these defenses, the court will dispose of the issue in that posture.

Summary judgment is proper only if there is no genuine issue as to any material fact. The moving party on a motion for summary judgment will have the burden of pointing to deficiencies in the record as to matters upon which the opposing party has the burden of proof such that the opposing party cannot prove its claim or defense or showing otherwise why, upon the undisputed facts in the record, the moving party is entitled to judgment as a matter of law. The party opposing the motion for summary judgment may not merely rest on its pleadings, but must provide evidence or point to evidence already in the record, properly authenticated pursuant to Rule 56(e), that would be sufficient to support a jury verdict in its favor. *See* Fed. R.Civ.P. 56(e); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 2513–14, 91 L.Ed.2d 202 (1986); *Orsi v. Kirkwood,* 999 F.2d 86 (4th Cir.1993); *Herold v. Hajoca Corp.,* 864 F.2d 317 (4th Cir.1988), *cert. denied,* 490 U.S. 1107, 109 S.Ct. 3159, 104 L.Ed.2d 1022 (1989).

## III.

■ The defenses of unclean hands and *in pari delicto* are inapplicable in this case as a matter of law. The defense of unclean hands is applicable only when the plaintiff seeks an equitable remedy. Despite Defendants' argument that the merger of law and equity makes the defense of unclean hands applicable even in the absence of equitable claims, courts continue to hold that "the doctrine of unclean hands ... is inapplicable here where plaintiff is not seeking an equitable remedy

---

1. Lynne Litt, now Lynne Neufer Dale, filed a notice of name change and requested that all future pleadings directed to her use the name Lynne Neufer Dale [Doc. # 194]. Defendants did not file a motion to change the caption of the case to reflect that name change. Because the caption still refers to Ms. Dale as Lynne Litt, the Court will use that name to refer to her herein.

against defendant." *National Mortgage Corp. v. American Title Ins. Co.,* 41 N.C.App. 613, 255 S.E.2d 622, 629 (1979) *rev'd on other grounds,* 299 N.C. 369, 261 S.E.2d 844 (1980). *See also, Wilson v. Landstrom,* 281 S.C. 260, 315 S.E.2d 130, 134 (App.1984) (noting that "the doctrine of 'unclean hands' precludes a plaintiff from recovering in equity if he acted unfairly in a matter that is the subject of the litigation to the prejudice of the defendant.") Plaintiffs have withdrawn all equitable claims. The North Carolina Court of Appeals noted that " 'relief is not to be denied because of general iniquitous conduct on the part of the complainant or because of the latter's wrongdoing in the course of the transaction between him and a third person, or because of a wrong practiced by both parties on a third person.'" *Ray v. Norris,* 78 N.C.App. 379, 337 S.E.2d 137, 141 (1985) (citations omitted), *rev. denied,* 316 N.C. 378, 342 S.E.2d 897 (1986). As a matter of law, Defendants cannot rely on the defense of unclean hands.

The doctrine of *in pari delicto* is a legal defense which has been applied most often, it seems, in divorce cases and cases of securities violations. The doctrine "deals generally with parties whose equal, mutual, and simultaneous fault casts them in the role of joint conspirators." *Lawler v. Gilliam,* 569 F.2d 1283, 1292 (4th Cir.1978). *See also, Skinner v. E.F. Hutton & Co., Inc.,* 70 N.C.App. 517, 320 S.E.2d 424, 426 (1984) (noting that "[t]he doctrine precludes an action based on a fraudulent, illegal, or immoral transaction to which the plaintiff was a party."), *rev'd in part on other grounds,* 314 N.C. 267, 333 S.E.2d 236 (1985). The parties in this case are not in the role of joint conspirators. Although each may have acted wrongfully at some point, they did not act wrongfully in conjunction with one another during the same act. In the context of a securities case, the Fourth Circuit noted that "the defense is inappropriate, for proof of independent violations of the same regulatory act does not provide a sufficient basis for invoking the doctrine of *in pari delicto.*" *Lawler,* 569 F.2d at 1293. As a matter of law, ABC cannot rely on the defense of *in pari delicto* in this case.

## IV.

For the reasons stated above, Plaintiff's Motion for Summary Judgment [Doc. # 383] on these matters is GRANTED. Plaintiff's remaining motions [Doc. # 381, Doc. # 385] are DISMISSED AS MOOT in light of the ruling on summary judgment.