The bill was filed by Mary Garner, widow of John Garner, against the defendant as his administrator; and the following are substantially the facts of the case, as set forth by the bill, and admitted by the answer: The plaintiff intermarried with defendant's intestate, in 1825, she being then a widow with two children, and owning, among other personal estate, four slaves — Vincy, Ellick, Sucky and Hannah and he being a widower with eight children, and possessed of a considerable estate real and personal. The parties had issue, by their marriage, three children; and the said John Garner, being a man of imprudent habits, and having from time to time made advancements to his children by his former marriage, was minded to make provision also for the plaintiff and her three (2) children by him. Accordingly, on 5 January, 1831, he procured one William Moody (since dead) to prepare a deed conveying certain slaves, and other property set out therein, for the benefit of the plaintiff and their three children, to be kept *Page 12 
together until, c., "and the property to be in the hands of William Moody, a trustee, to act as he may think best with." After directing how the land and slaves shall be divided among said children, he provides for the plaintiff as follows: "I give unto my wife, Mary Garner, all the right, title and interest of the negroes belonging to her before I married her, to-wit, Vincy, c., to her, her heirs and assigns forever." The purpose of this deed was to secure the slaves to the separate and exclusive use of the plaintiff; and from the date thereof, the slaves were considered and treated as hers absolutely. John Garner died intestate in 1839, from which time the plaintiff had been in the undisturbed possession of said slaves and their increase, until September Term, 1852, of Northampton County Court, when the defendant took out letters of administration on his estate, and claimed the slaves. The prayer of the bill is, that he be restrained from taking the property, and decreed to execute a legal conveyance therefor to the plaintiff. It is admitted by the defendant that he has assets sufficient to pay the debts of his intestate, independent of the property conveyed to the plaintiff, but he insists in his answer, that there is no sufficient consideration to enforce the agreement between the plaintiff and his intestate.
It has been long settled, that a husband (3) may, after marriage, make gifts or presents to his wife which will be supported in equity, against himself and his representatives. Lucas v. Lucas, 1 Atk., 270; Atherly Mar. Set., 331. Mr. Adams, in his excellent treatise on the doctrine of Equity, classes meritorious or imperfect consideration under the head of "Jurisdiction of the Courts of Equity, in cases in which the courts of ordinary jurisdiction cannot enforce a right." In discussing the subject, he says at page 97, "the doctrine of meritorious consideration originates in the distinction between the three classes of consideration on which promises may be based, viz: valuable consideration, the performance of a moral duty, and mere voluntary bounty. The first of these classes, alone, entitles the promisee to enforce his claim against an unwilling promisor; the third is, for all legal purposes, a mere nullity until actual performance of the promise. The second or intermediate class is termed meritorious, and is confined to the three duties of charity, of payment of creditors, and of maintaining a wife and children." *Page 13 
"Consideration of this imperfect class are not distinguished at law from mere voluntary bounty, but are, (4) to a modified extent, recognized in equity. And the doctrine with respect to them is, that although a promise, made without a valuable consideration, cannot be enforced against the promisor, or against any one in whose favor he has altered his intentions, yet if an intended gift or meritorious consideration be imperfectly executed, and if the intention remains unaltered at the death of the donor, there is an equity to enforce it in favor of his intention, against persons claiming by operation of law, without an equally meritorious claim."
The doctrine, thus clearly and explicitly stated, is so directly applicable to this case, that it saves us the necessity of further investigation. The wife was certainly an object of meritorious consideration; the gift of the slaves, by the deed executed by the husband, was imperfect; the intention of the donor remained unaltered at his death; and the gift is sought to be enforced against persons, to-wit; his children claiming by operation of law, without an equally meritorious claim, because those by a former marriage had been advanced by their father in his lifetime, and those by her were provided for in the same deed. Holloway v.Headington, 8 Simons, 324, (11 Con. En. Chan., 459), decided by Vice Chancellor SHADWELL, to which we are referred by the defendant's counsel, does not militate against this principle. In that case, by a voluntary settlement, a husband and wife assigned all the property to which his wife then was, or which she or her husband in her right, might become entitled to, in trust to the wife for life, for the husband for life, and for the children of the wife living at her death, whether begotten by her then or any future husband. The court refused to give effect to it, because it was vague and unreasonable; and because it might, in a certain contingency, if sustained, give the whole of the wife's fortune, not to her grandchildren by her husband, but to a child of a future husband. In the case before us, on the contrary, the intended settlement is certain and reasonable — a provision made by a husband for his wife after his children had already been provided for. Huntly v. Huntly, 43 N.C. 250, decides that though a deed from a husband, to his wife for slaves cannot have the effect of vesting a title in her, yet it amounts to a declaration of trust in her favor.
The defendant must be declared a trustee for the plaintiff, and must execute a deed to be approved by the (5) Clerk, by which the legal title of the slaves in controversy, *Page 14 
with their increase, if any, shall be conveyed absolutely to her.
PER CURIAM. Decreed accordingly.
Cited: Parish v. Merritt, 48 N.C. 40; Lamb v. Pigford, 54 N.C. 200;Paschall v. Hall, 58 N.C. 109; Smith v. Smith, 60 N.C. 583; McBeeexparte, 63 N.C. 334; Walton v. Parish, 95 N.C. 263; Winbourne v.Downing, 105 N.C. 21; Beam v. Bridgers, 108 N.C. 278.