The right of the plaintiff to a decree that the heirs at law of Thaddeus W. Whitley shall execute to the heir at law of her deceased husband, Bryan Smith, a conveyance for the tract of land mentioned in the pleadings, for the purchase of which there had been a contract in the lifetime of the parties, and that she may have dower therein, is undoubted. It is equally clear that she cannot have a decree for the specific execution of the contract made between her husband and herself, to have the said tract, or any other tract of land, or negroes of equivalent value, settled upon her in consideration of the price of the land sold under the circumstances mentioned in the bill. The contract which she made with her husband was by parol, and therefore void by the statute of frauds (Rev. Code, ch. 50, sec. 11), so far at least as a specific (583) execution is sought to be enforced. But, we think, the wife is entitled under the contract to the proceeds of her land, which was sold in consequence of it, subject to the interest which her husband, as such, had in the land. It is well settled that a husband may, after marriage, make gifts or presents to his wife which will be supported in equity *Page 380 
against himself and his representatives. Lucas v. Lucas, 1 Atk., 270;Garner v. Garner, 45 N.C. 1; Atherley on Mar. Set., 331. If a promise by the husband, made without a valuable consideration, to a wife, though imperfectly executed, will be enforced against his personal representatives after his death, where his intention had remained unaltered until that event, much more ought it to be enforced where she stands in the position of purchaser of the intended benefit for a full and fair value. See Adams Eq., 97.
The only question about which there can be any doubt is as to the amount to which the wife is entitled. After giving to the argument of her counsel that attention to which for its ability and ingenuity it is entitled, and after mature deliberation on the subject, we are of opinion that she cannot claim the whole price of her land, with interest from the death of her husband, but that the sum due her must be estimated upon the following principles: The contract for the settlement upon her of land or slaves, being made void by the statute of frauds, must be put entirely aside. So far as it entitles her to the money for which her land was sold, the contract must be considered in this Court as having been executed at the time when the price of the land was received by her husband; and as he had an interest for life in the land as tenant by the curtesy, he had the same interest in the proceeds of the sale. The relative value of his interest and hers must be ascertained as of that time, and as the facts then existed; otherwise the maxim in equity, that (584) what ought to have been done will be considered as done, will be violated. See Adams Eq., 135. When the amount to which the wife is entitled is thus ascertained, she will be entitled to it, increased by the interest thereon from the time it came into the hands of her husband.
The argument against this mode of estimating the relative rights of the tenant for life and the owner of the reversion, founded upon the idea that it is better to make calculations upon certain and ascertained facts than upon uncertain and contingent events, will be found in practice more plausible than just. Suppose the owner for life of a valuable male slave were to agree with the owner of the ulterior interest to have him sold for the purpose of dividing the proceeds according to their respective ownerships, and the life tenant should die a week after the sale, would it be a just and fair execution of their agreement to give his personal representative nothing, or next to nothing? The death of the life tenant in so short a time was certainly not within the contemplation of the parties, and therefore ought not to control a division which was intended to be made between living men, having each his chance for a long or short life. At the time when the contract was made, it is manifest that the interest of the life tenant of such a slave would be regarded *Page 381 
as nearly his whole value, and it must be presumed that the parties had reference to that in making their agreement for a sale. Such being the case, subsequent events cannot fairly be allowed to change the principle upon which their contract was founded. The true rule is what we have above indicated, and the plaintiff may have a decree for the value of her interest in the price of her land, ascertained according to that rule.
Cited: George v. High, 85 N.C. 102; Walton v. Parish, 95 N.C. 263;Cade v. Davis, 96 N.C. 142; Love v. McClure, 99 N.C. 295; Woodruff v.Bowles, 104 N.C. 210; Beam v. Bridgers, 108 N.C. 279.
Dist.: Dula v. Young, 70 N.C. 454; Hackett v. Shuford, 86 N.C. 50.
NOTE. — Where there was an agreement between a husband and wife that if the wife would join him in a conveyance of a certain tract of land descended to the wife from her father, she should have another tract in lieu of the one so conveyed: Held, that when the husband received the money for the land so conveyed, he held it upon trust for his wife, and that his estate became responsible therefor. Dula v. Young, 70 N.C. 450.
Where land is purchased by a husband with his wife's money, the proceeds of the sale of her real estate, and title is taken to the husband alone, a resulting trust is created in favor of the wife, and a purchaser from the husband, with notice, stands affected by the same trust. Lyon v. Akin,78 N.C. 258.
(585)