BOBBY L. GUY, PLAINTIFF v. ROBERT L. GUY, DEFENDANT

No. 9113SC448

(Filed 17 December 1991)

1. Limitation of Actions § 7 (NCI3d) — constructive trust — statute of limitations — ten years

Plaintiff's action to establish his rights in property under the theories of resulting trust, constructive trust and equitable lien were not barred by the three year statute of limitations on claims of fraud. Constructive trusts are governed by the ten-year statute of limitations in N.C.G.S. § 1-56, and, as fraud is not a component element of either resulting trust or equitable lien, neither were affected by the statute of limitations on fraud claims.

Am Jur 2d, Trusts §§ 588, 593.

2. Trusts § 13 (NCI3d) — resulting trust in favor of plaintiff-grantor — summary judgment for defendant — proper

Summary judgment was properly granted for defendant on the issue of resulting trust in an action arising from the transfer of property from plaintiff to defendant. Trusts created by oral declarations, in both land and personalty, are permitted where there are three parties: a grantor, a grantee, and a beneficiary. Resulting trusts are not imposed in favor of a grantor who conveys title by deed in fee simple absolute because to do so would violate the Parol Evidence Rule.

Am Jur 2d, Trusts §§ 628, 637, 639.

3. **Trusts § 19 (NCI3d) — constructive trust — allegations of fraud — motion to dismiss — improperly granted**

Plaintiff's allegations of fraud in an action for constructive trust were sufficient to survive a motion to dismiss under N.C.G.S § 1A-1, Rule 12(b)(6) where plaintiff alleged that defendant had no intention of fulfilling his promise as evidenced by defendant's refusal to sign an agreement to reconvey the property at the time plaintiff conveyed the lots.

**Am Jur 2d, Trusts §§ 221, 234, 616.**

4. **Mortgages and Deeds of Trust § 1.1 (NCI3d) — equitable lien — motion to dismiss — improperly granted**

The trial court improperly granted defendant's motion to dismiss under N.C.G.S. § 1A-1, Rule 12(b)(6) where it was undisputed that defendant obtained a loan which plaintiff used to improve the lots secured by the loan; it is also undisputed that plaintiff repaid this loan; plaintiff alleges that he repaid the loan in reliance upon the defendant's promise to reconvey the land to plaintiff, that his repayment of the loan which improved the land was not meant as a gift or a windfall benefit to his son, and that defendant has been unjustly enriched by the increased value of the improvements to the land for which the defendant did not pay any consideration.

**Am Jur 2d, Liens §§ 32, 34.**

APPEAL by plaintiff from an order entered by *Judge Giles R. Clark* on 7 January 1991 in BRUNSWICK County Superior Court. Heard in the Court of Appeals in special session in Wilmington on 17 October 1991.

*David P. Ford for plaintiff-appellant.*

*Stevens, McGhee, Morgan, Lennon & O'Quinn, by Alan E. Toll, for defendant-appellee.*

LEWIS, Judge.

Plaintiff and defendant are father and son respectively. Plaintiff acquired four lots by deed dated 11 January 1985. Plaintiff claimed that he was unable to obtain a loan to improve the lots for residential purposes because of a poor credit record. Plaintiff alleged that he conveyed title to the four lots to defendant on

12 April 1985 so that defendant could use the lots as collateral for a loan which plaintiff could then use to improve the property. Defendant then obtained a ten thousand dollar loan secured by these lots. Plaintiff used the loan to install a septic tank on the property. Plaintiff alleges and defendant denies that part of the loan proceeds were used to purchase a mobile home that was titled in plaintiff's name and placed on the lots.

Plaintiff made all of the payments on the ten thousand dollar loan until it was discharged on 28 April 1989. Plaintiff has resided in the mobile home on the property since 1985 and has paid the property taxes for 1985 and 1986, while defendant paid the 1987, 1988 and 1989 taxes. Plaintiff alleges that defendant orally agreed to reconvey the lots to plaintiff once the loan was repaid. However, at the time of the conveyance to his son, plaintiff alleges that he requested his son to sign an agreement to reconvey the land to plaintiff; defendant refused. After the loan was paid off, plaintiff requested, by letter dated 6 June 1990, that defendant reconvey the lots to plaintiff. Defendant refused. Plaintiff filed suit against defendant on 1 August 1990 seeking to establish his rights in the property under the theories of resulting trust, constructive trust and equitable lien. Defendant's motion to dismiss pursuant to North Carolina Rule of Civil Procedure, Rule 12(b)(6) was granted. Plaintiff appeals.

[1] The defendant contends that plaintiff's suit is barred by the three year statute of limitations on claims of fraud. N.C.G.S. § 1-52(9) (1983). We disagree. "Constructive trusts . . . are governed by the ten-year statute of limitations in N.C.Gen. Stat. 1-56." *Brisson v. Williams*, 82 N.C. App. 53, 60, 345 S.E.2d 432, 436 (1986), *disc. rev. denied*, 318 N.C. 691, 350 S.E.2d 857 (1986) (citation omitted). Here, the date of the conveyance at issue, 12 April 1985, is less than ten years from the date that this action was filed. Therefore, a suit to impose a constructive trust upon the property conveyed on this date is timely. As fraud is not a component element of either, the resulting trust and equitable lien theories were not affected by the statute of limitations on fraud claims.

The case at bar was dismissed pursuant to Rule 12(b)(6). The only purpose of this rule is to test the "legal sufficiency of the pleadings." *Sutton v. Duke*, 7 N.C. App. 100, 171 S.E.2d 343 (1969), *aff'd*, 277 N.C. 94, 176 S.E.2d 161 (1970). The question for the court on a motion to dismiss is whether, as a matter of law, the allegations

of the complaint, treated as true, are "sufficient to state a claim under any legal theory." *Harris v. NCNB Nat'l Bank*, 85 N.C. App. 669, 676, 355 S.E.2d 838, 843 (1987) (citation omitted). Hence, the question at bar is whether plaintiff's complaint alleges facts which, if true, are sufficient to support the imposition of a resulting trust, constructive trust, or equitable lien at least upon a Rule 12(b)(6) motion. We believe there are allegations sufficient to survive the motion to dismiss on the theories of constructive trust and equitable lien, but not on resulting trust.

I.

[2] Resulting trusts are based upon the doctrine that " 'valuable consideration rather than legal title determines the equitable title resulting from a transaction. . . .' " *Brisson*, at 57, 345 S.E.2d at 435 (citation omitted). Resulting trusts are created by either an express or an implied agreement. 13 Strong's N.C. Index 3d Trusts § 13; *see Taylor v. Addington*, 222 N.C. 393, 23 S.E.2d 318 (1942). The agreement is shown in a written deed or by oral declaration. *Id., see Peele v. LeRoy*, 222 N.C. 123, 22 S.E.2d 244 (1942). The law presumes the intent to create a trust. *Brisson*, at 57, 345 S.E.2d at 435.

Resulting trusts are not imposed in favor of a grantor who conveys title by deed in fee simple absolute because to do so would violate the Parol Evidence Rule. *Lofton v. Kornegay*, 225 N.C. 490, 35 S.E.2d 607 (1945) (absent fraud, mistake or undue influence, a parole trust cannot be "engrafted upon a deed"). Parties to an integrated document cannot introduce either oral or written evidence which contradicts the writing. A grantor executes a deed, a written document, which he cannot later argue was created with an actual or presumed intent to create a trust. This argument would contradict the written document which on its face conveys absolute title. Trusts created by oral declarations, in both land and personalty, are permitted where there are three parties: a grantor, a grantee, and a beneficiary. *See Taylor*. In this three party situation, the beneficiary is not a party to a written deed and therefore may introduce evidence of the intended trust and this oral evidence does not violate the Parol Evidence Rule. For this reason, a resulting trust cannot be imposed in the plaintiff-grantor's favor. Summary judgment was properly granted on this issue.

GUY v. GUY

[104 N.C. App. 753 (1991)]

## II.

**[3]** Our Supreme Court has defined a constructive trust as:

> a duty, or relationship, imposed by courts of equity to prevent the unjust enrichment of the holder of title to, or of an interest in, property which such holder acquired through *fraud, breach of duty* or some other circumstance making it inequitable for him to retain [title] against the claim of the beneficiary of the constructive trust. . . . [The] common, indispensable element [among the many types of constructive trust situations] . . . is some *fraud, breach of duty* or other wrongdoing by the holder of the property.

*Wilson v. Crab Orchard Development Co., Inc.*, 276 N.C. 198, 211-12, 171 S.E.2d 873, 882 (1970) (emphasis added). Fraud is not automatically presumed by the "mere failure, nothing else appearing, to perform an agreement or to carry out a promise. . . ." *Ferguson v. Ferguson*, 55 N.C. App. 341, 345, 285 S.E.2d 288, 291 (1982), *disc. rev. denied*, 306 N.C. 383, 294 S.E.2d 207 (1982). Neither is fraud presumed by the existence of a family relationship. *Hodges v. Hodges*, 37 N.C. App. 459, 466, 246 S.E.2d 812, 816 (1978). Though a parent-child relationship does not automatically give rise to the presumption of fraud, "it is fraudulent for a child, as grantee, to make a promise which deceives a parent, as grantor, and induce(s) the parent to act when the child making the promise knows at the time [the promise] is made that [the child] does not intend to keep the promise." *Ferguson*, at 345, 285 S.E.2d at 291. Such a misrepresentation is "fraudulent and will support the imposition of a constructive trust." *Ferguson*, at 345, 285 S.E.2d 292.

As fraud is the central element underlying the imposition of a constructive trust, the question becomes what allegation of facts concerning fraud are sufficient to survive a Rule 12(b)(6) motion to dismiss. This question has been considered before in the context of a motion for summary judgment. This Court upheld the imposition of a constructive trust where the plaintiff's complaint alleged: (1) the existence of an oral agreement between the parties prior to the legal conveyance of land and (2) a promise which misled the grantor and which was made without the intention to fulfill the promise. *Ferguson* at 346, 285 S.E.2d at 292. The trial court's denial of the defendant's motion for summary judgment was upheld. This Court emphasized that it was plaintiff's allegations of fraudulent statements of intent which forecast the evidence sufficient for gen-

uine issues of material fact such that summary judgment was properly denied.

In *Martin v. Martin*, 73 N.C. App. 158, 325 S.E.2d 666 (1985), this Court affirmed the grant of summary judgment where the plaintiff failed to allege that the defendant "made *any promise* or other statement for the purpose of inducing plaintiff to convey her property to him. . . ." *Martin*, at 160, 325 S.E.2d 667 (emphasis added). This Court discounted plaintiff's allegation that "the Deed was signed with the intent that the property would be held in trust and returned to the plaintiff upon demand" as a statement of plaintiff's intention to have the property reconveyed rather than defendant's intention to defraud. *Id.* The emphasis in this case was on the plaintiff's failure to allege that the defendant made "any" promise which "misrepresented his intentions or fraudulently induced plaintiff to convey the property to [defendant]." *Id.* at 161, 325 S.E.2d 668. Hence, this Court held that the evidentiary forecast fell short of showing that there was a material issue concerning fraud.

The summary judgment questions above assumed the existence of a valid claim and looked to the pleadings to determine whether the allegations revealed a genuine issue as to whether fraud existed. A Rule 12(b)(6) motion asks whether the pleadings allege a valid claim and all of the elements necessary to support the claim. Read together, the cases discussed seem to indicate that the plaintiff must allege a false promise by the grantee made prior to the legal conveyance which caused the plaintiff-grantor to convey the land. In the case at bar, plaintiff alleged that the defendant agreed to reconvey the lots to him upon discharge of the loan. Plaintiff alleged that it was this promise which induced him to convey the lots. Further, plaintiff alleged that the defendant had no intention of fulfilling his promise as evidenced by the defendant's refusal to sign an agreement to reconvey the property at the time plaintiff conveyed the lots. We believe that these allegations of fraud make out the plaintiff's claim for the imposition of a constructive trust sufficient to survive a Rule 12(b)(6) motion to dismiss.

III.

[4] Plaintiff's pleadings also adequately state a claim for the imposition of an equitable lien.

## GUY v. GUY

[104 N.C. App. 753 (1991)]

'In an equitable lien there is a legal estate with possession in one person, and a special right *over* the thing held by another. . . . This special right is not an *estate* of any kind; it does not entitle the holder to a conveyance of the thing nor to its use; it is merely a right to secure the performance of some outstanding obligation, by means of a proceeding directed against the thing which is subject to the lien.'

*Fulp v. Fulp*, 264 N.C. 20, 24-25, 140 S.E.2d 708, 712-13 (1965) (citation omitted). An equitable lien is applied when one party wrongfully spends another's funds to improve his own land or when one party expends his own funds to improve land which another has orally agreed to convey to him, but later refuses to do so. It is the unjust enrichment of the title holder which supports the imposition of an equitable lien against his property. *Id.* at 25, 140 S.E.2d 713. Neither a written nor an oral contract is required to recover based upon this unjust enrichment. *Parslow v. Parslow*, 47 N.C. App. 84, 266 S.E.2d 746 (1980). It is enough that the plaintiff possess a good faith belief that he owns or will soon own an interest in the property or the improvements he makes to the property promised to him. *Id.* An equitable lien assists the plaintiff to assert his rights in the "benefit of the improvements to the extent that they increased the value of the land." *Clontz v. Clontz*, 44 N.C. App. 573, 576, 261 S.E.2d 695, 698 (1980), *disc. rev. denied*, 300 N.C. 195, 269 S.E.2d 622 (1980) (citation omitted).

As above, to survive a Rule 12(b)(6) motion to dismiss, the plaintiff at bar is required to plead facts which state a claim for the imposition of an equitable lien. It is undisputed that defendant obtained a loan which plaintiff used to improve the four lots secured by the loan. It is also undisputed that plaintiff repaid this loan. Plaintiff alleges that he repaid the loan in reliance upon the defendant's promise to reconvey the land to plaintiff. Further, plaintiff alleges that his repayment of the loan which improved the land was not meant as a gift or a "windfall benefit" to his son. Plaintiff claims that the defendant has been unjustly enriched by the increased value of the improvements to the land for which the defendant did not pay any consideration. These allegations are sufficient to support a claim for the imposition of an equitable lien and therefore, are sufficient to survive a Rule 12(b)(6) motion to dismiss.

Reversed as to constructive trust and equitable lien.

Affirmed as to resulting trust.

Judges ARNOLD and COZORT concur.