ELIZABETH ELSIE UPCHURCH, Plaintiff v. JAMES ELMON UPCHURCH and JAMES E. UPCHURCH, JR., Defendants

No. COA97-214

(Filed 3 February 1998)

**1. Trusts and Trustees § 170 (NCI4th)— equitable distribution—constructive trust—findings supported by evidence**

The trial court did not err by determining on remand that the evidence clearly and convincingly established facts giving rise to a constructive trust in an equitable distribution action where all but one finding was supported by competent evidence. If a party in an equitable distribution action acquired an equitable interest

in property during marriage and before the date of separation, the trial judge may impose a constructive trust on the property to the extent of the equitable interest.

**2. Divorce and Separation § 161 (NCI4th)— equitable distribution—note—unequal distribution rather than constructive trust**

The trial court did not err in an equitable distribution action by distributing the value of a note unequally rather than imposing a constructive trust on the note or its proceeds where the trial judge's findings were supported by competent evidence and the court's decision to divide the property as it did was reasonable in light of the other findings regarding distribution factors.

Appeal by defendants James Elmon Upchurch and James E. Upchurch, Jr. from order entered 4 December 1996 by Judge Richard G. Chaney in Durham County District Court. Heard in the Court of Appeals 9 October 1997.

*Harriss & Marion, P.L.L.C., by Joseph E. Marion, for plaintiff-appellee.*

*E.C. Harris, for defendant-appellant James Elmon Upchurch.*

*Browne, Flebotte, Wilson & Horn, P.L.L.C., by Roni L. Harvey, for defendant-appellant James E. Upchurch, Jr.*

LEWIS, Judge.

Plaintiff and defendant James Elmon Upchurch ("Upchurch Sr.") were married in 1947 and separated on 4 February 1988. A judgment for absolute divorce was entered 13 November 1989 and plaintiff thereafter sued for equitable distribution of marital assets. Defendant James E. Upchurch, Jr. ("Upchurch Jr.") was made party to the suit because he possessed property that was allegedly "marital property." On 7 February 1995, the trial judge entered an equitable distribution order which imposed a constructive trust on certain assets held by Upchurch Jr. The trial judge included the impressed assets of Upchurch Jr. in the distribution of marital property. Defendants appealed to this Court. *Upchurch v. Upchurch*, 122 N.C. App. 172, 468 S.E.2d 61, *disc. review denied*, 343 N.C. 517, 472 S.E.2d 26 (1996) (*Upchurch I*).

In *Upchurch I*, we held that both legal and equitable interests are subject to distribution as marital property. *Id.* at 175, 468 S.E.2d at 63;

*see* N.C. Gen. Stat. § 50-20 (1995). We noted that in the course of an equitable distribution proceeding, equitable interests may be recognized and wrested from the hands of the legal titleholder by the imposition of a constructive trust. *Id.* We also noted that the facts supporting a constructive trust must be established by clear and convincing evidence. *Id.* at 176, 468 S.E.2d at 64. In this case, because the first equitable distribution order did not indicate whether the constructive trusts imposed by the trial judge were established by clear and convincing evidence, we remanded the case for the judge to reconsider the evidence based on that standard of proof. *Id.*

Following remand, the trial judge entered an amended equitable distribution order on 4 December 1996. The order reaffirmed his previous conclusions that certain items were marital property, and the amended order expressly stated that these conclusions were supported by clear and convincing evidence. Defendants appeal from the amended order. We affirm.

First, we summarily dispose of three assignments of error raised by Upchurch Sr. Two of these assignments pertain to the alleged fraudulent concealment of assets by plaintiff. These issues were raised and resolved in defendants' prior appeal, *Upchurch I*, 112 N.C. App. at 177, 468 S.E.2d at 64, and they may not be resurrected now. In addition, Upchurch Sr. cites as error the trial judge's refusal to recuse himself from the case at defendants' request on 21 August 1996. The record shows no basis for defendants' motion and it was correctly denied.

[1] Defendants' next assignments of error pertain to the trial judge's findings that several assets held by Upchurch Jr. should be subjected to a constructive trust. In an action for equitable distribution, if a party acquired an equitable interest in property during marriage and before the date of separation (DOS), the trial judge may impose a constructive trust on the property to the extent of the equitable interest. *See Weatherford v. Keenan*, 128 N.C. App. 178, 493 S.E.2d 812 (1997). The person holding legal title to the property is thereby deemed to be constructive trustee of it for the benefit of the equitable titleholder. *Roper v. Edwards*, 323 N.C. 461, 464, 373 S.E.2d 423, 425 (1988). In a case such as this, where the trial judge simultaneously creates a constructive trust and determines that the trust property is "marital," we have described the constructive trustee as holding the property for the benefit of the marital estate. *Upchurch I*, 112 N.C. App. at 176, 468 S.E.2d at 64. When the trial judge distributes the equi-

table interest, the constructive trustee must convey the legal interest to the party receiving the equitable interest in the distribution.

As we noted in *Upchurch I*,

It is not necessary to show fraud in order to establish a constructive trust. . . . Such a trust will arise by operation of law against one who "*in any way* against equity and good conscience" holds legal title to property which he should not.

112 N.C. App. at 177, 468 S.E.2d at 64 (quoting *Roper*, 323 N.C. at 465, 373 S.E.2d at 425). The facts giving rise to a constructive trust must be established by evidence that is clear and convincing. *Upchurch I*, 112 N.C. App. at 177, 468 S.E.2d at 64.

It is for the trier of fact to resolve issues of credibility and to determine the relative strength of competing evidence. *Lawing v. Lawing*, 81 N.C. App. 159, 177, 344 S.E.2d 100, 112 (1986). Therefore, if the fact finder determines that facts giving rise to a constructive trust have been established by clear and convincing evidence, we will not disturb those findings if they are supported by competent evidence. *Compare id.* at 177-78, 344 S.E.2d at 112-13 (upholding a finding that certain property acquired during marriage was separate property, where such a finding had to be proved by clear and convincing evidence, even though evidence on the issue was equivocal).

Defendants challenge the trial judge's lengthy Findings of Fact 14, 15, 17, and 18, reproduced below. All of the findings contained therein, except for one detail which we discuss below, were supported by competent evidence in the record.

14. Defendant Upchurch, Jr. and Defendant Upchurch, Sr. purchased a lot and building located on Hillsborough Road in Durham, North Carolina in 1984. Plaintiff gave Defendant Upchurch, Sr. "thousands" of dollars which she had earned to put into the acquisition of the property. This property was sold by the Defendants in 1986 and Defendant Upchurch, Sr. received $54,194.50 as a result of that sale, which represented one-half of the net sales proceeds.

. Defendant Upchurch, Sr. invested the $54,194.50 in a venture with Defendant Upchurch, Jr. to purchase property from Mickey Ellis for a purchase price of $133,500.00; this property was sold back to Ellis on October 27, 1986 for a price of $140,000.00. Of

this amount, $118,831.67 was deposited into an account with Wheat, First Securities ("WFS") in the name of Upchurch, Sr. and Upchurch, Jr. The balance of $21,168.33 was deposited into a WFS account in the names of Upchurch, Sr. and Jack Upchurch. [Jack Upchurch is another son of Upchurch Sr. and is not a party to this suit.]

Defendant Upchurch, Sr.'s participation in the purchase price of $133,500.00 (for the Ellis property) was at least $54,194.50, or 41% of the purchase price. Therefore, Defendant Upchurch, Sr.'s proportionate share of the sales proceeds (when the Ellis property was sold) was 41% of $140,000.00 or $57,400.00. The Court finds that this $57,400.00 was deposited into the WFS account held by Upchurch, Sr. and Upchurch, Jr. An additional $10,333.00 was deposited into this account by two checks from Upchurch, Sr. Upchurch, Sr. therefore invested a total of $67,733.00 into this account. The bonds were issued in the name of Upchurch, Sr. and Upchurch, Jr., and subsequently title was transferred by Upchurch, Sr. to Upchurch, Jr. solely. The bonds issued in Upchurch, Jr.'s name alone bear the date of October 1986, approximately four months prior to DOS.

The Court finds that the circumstances under which Upchurch, Jr. acquired title to $67,733.00 worth of the bonds make it inequitable for him to retain title to that amount of the bonds. The Court finds that such amount of bonds is held by Upchurch, Jr. for the benefit of the marital estate and is marital property. All findings set forth in this finding of fact no. 14 were established by clear and convincing evidence.

The WFS account in the names of Upchurch, Sr. and Jack Upchurch was augmented by an additional sum of approximately $15,000.00, deposited by three CCB checks showing Jack Upchurch as remitter. The Court finds there is insufficient evidence to show that Upchurch, Sr. has made any investment into this account, and therefore none of this account is marital property subject to distribution.

15. Paul McGhee and Brenda Vaughan executed a promissory note dated October 31, 1983 to Defendant Upchurch, Sr. and Defendant Upchurch, Jr. in the original principal amount of $9,000.00. Defendant Upchurch, Sr.'s sworn Answers to Interrogatories 6, 16, and 17 of the 1987 Interrogatories (see Plaintiff's Exhibit 13) show that Defendant Upchurch, Sr.

received $225.00 per month on this note, which is the full amount of the payment called for under the note. Defendant Upchurch, Jr. did not report any interest from this loan on his 1985 or 1986 tax return. The value of this note as of the DOS was $2,197.00. This value was computed by taking the pay-off on the note as of March 21, 1988, which was $2,045.80 (as indicated in Plaintiff's Exhibit 44—letter from James Upchurch, Jr. to McGhee) and "backing-out" interest at 18% for 45 days. The note was apparently paid off prior to DOT [date of trial].

[The] Court finds that the circumstances under which Upchurch, Jr. acquired and held an interest in such note make it inequitable for him to retain title to, or claim any interest in such note. The Court finds that Upchurch, Jr.'s interest in such note is held by him for the benefit of the marital estate, and the entire note is marital property.

All findings set forth in this finding of fact no. 15 were established by clear and convincing evidence.

. . . .

17. John Houk executed a promissory note dated March 23, 1983 to Defendant Upchurch, Sr. and Defendant Upchurch, Jr. in the original principal amount of $30,000.00. Based on Defendant Upchurch, Sr.'s responses to the 1987 Interrogatories numbers 6, 16, and 17, stating that he received $180.00 per month of the total monthly payment of $300.00 on this note, the Court finds that Defendant Upchurch, Sr. owns 60% of the note. Defendant Upchurch, Jr. did not report any interest from this loan on his 1985 or 1986 tax return. The DOS value of Defendant Upchurch, Sr.'s interest in this note was $13,209.32. This was computed by taking 60% of the reported total pay-off on the loan as of DOS of $22,015.53, as shown by the answer to Interrogatory 3A, provided by James E. Upchurch, Jr. in response to Interrogatories to him. (Plaintiff's Exhibit 41). There is no evidence as to the value of this note as of DOT, although Defendant Upchurch, Sr., presumably continues to collect 60% of the $300.00 monthly payments.

The Court finds that the circumstances under which Defendant Upchurch, Jr. acquired and held an interest in the note make it inequitable for him to retain title to or claim any interest in said 60% of the note. The Court finds that 60% of the note is held by Defendant Upchurch, Jr. for the benefit of the marital

estate and is marital property, and the remaining 40% of the note is the property of Defendant Upchurch, Jr.

All findings set forth in this finding of fact no. 17 were established by clear and convincing evidence.

18. Phillip Arnold executed a promissory note dated May 23, 1983 to "James E. Upchurch or James E. Upchurch, Jr." in the original principal amount of $20,908.84. The Court considered the testimony of Phillip Arnold, the evidence that all loan payments were made to Defendant Upchurch, Sr. up to the time of separation, the absence of any documentation from Upchurch, Jr. that he was the source of funds for the note, and determines that Defendant Upchurch, Sr. received all the benefit of this note at least up to DOS. The Court finds that Arnold had no dealings with anybody except Upchurch, Sr., at least up through DOS, and that Upchurch, Sr. offered to hire Arnold a lawyer so Arnold would not have to testify. The DOS value of the note was $16,995.00, as determined by Defendant Upchurch, Sr.'s answer to Interrogatory 9 of the Interrogatories filed herein (Plaintiff's Exhibit 12). This note was paid off by payment of $15,456.64 on August 3, 1989. Defendant Upchurch, Jr. did not report any interest from this loan on his 1985 or 1986 tax return.

[The] Court finds that the circumstances under which Upchurch, Jr. acquired and held an interest in this note make it inequitable for him to claim an interest in or retain title to such note. The Court finds that Upchurch, Jr.'s interest in this note is (or was) held by him for the benefit of the marital estate, and the entire note is marital property.

All findings set forth in this finding of fact no. 18 were established by clear and convincing evidence.

We note that Findings of Fact 14, 15, 17, and 18 also contain the conclusion of law that the Upchurch Jr. property at issue is marital property.

Defendants claim that these findings of fact were not supported by the requisite clear and convincing evidence. As to one particular, they are correct. In Finding of Fact 14, the trial judge mistakenly found that the municipal bonds issued in Upchurch Jr.'s name in October 1986 were so issued "approximately four months prior to DOS." This issuance actually occurred approximately one year and four months before the DOS in February 1988.

Aside from this miscalculation, however, Findings of Fact 14, 15, 17 and 18 are otherwise supported by competent evidence and we leave them as they are. The trial judge was able to observe first-hand the testimony of plaintiff, Upchurch Sr., Upchurch Jr., and others. As finder of fact, the trial judge was responsible for determining the weight and credibility of the evidence. Our opinion in *Upchurch I* instructed the trial judge to reconsider the evidence and determine whether it clearly and convincingly established facts giving rise to a constructive trust. The amended order indicates that is precisely what the trial judge did. Moreover, on the facts found by the trial judge, the imposition of a constructive trust on the contested property in Findings of Fact 14, 15, 17, and 18 was legitimate.

[2] Defendants' remaining assignments of error involve the trial judge's Finding of Fact 16: That Upchurch Sr. was the owner of a promissory note executed by Marlene Harmon to "James E. Upchurch or Jack A. Upchurch," and that Upchurch Sr. alone had received the entire value of the note, which was $39,495.00 at DOS. The trial judge made this finding despite the testimony of Upchurch Jr. that both he and Jack Upchurch received at least some of the proceeds of the Harmon note. The trial judge noted that because Jack Upchurch was not a party to this suit, he had no jurisdiction to distribute the note or its proceeds. Therefore, contrary to what is asserted in Upchurch Jr.'s brief, the trial judge refrained from imposing a constructive trust on the Harmon note or its proceeds.

Instead, the trial judge used the value of the note as a distributional factor under G.S. § 50-20(c)(12). The trial judge found that the benefit received by Upchurch Sr. from this note was a "significant and compelling distributional factor," and concluded that an equal distribution of the property would not be equitable. The trial judge therefore divided the marital property such that plaintiff's award exceeded Upchurch Sr.'s award by $39,495.00, the value of the Harmon note on the DOS. Upchurch Sr. disputes this unequal distribution of property, but we believe that it was justified.

A ruling on whether an unequal division of marital property is appropriate will be upset only if it is manifestly unsupported by reason. *White v. White*, 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985). In this case, we see no reason to alter the amended order for equitable distribution. The trial judge's findings regarding the Harmon note were supported by competent evidence, and the trial court's decision to divide the property as it did was reasonable in light of the other

findings regarding factors of distribution. The amended order for equitable distribution is affirmed.

Affirmed.

Judges MARTIN, John C., and McGEE concur.