SHARP v. SHARP

[133 N.C. App. 125 (1999)]

---

BETH M. SHARP, PLAINTIFF v. THADDEUS PENDER SHARP, III, THADDEUS PENDER SHARP, JR., ALAN D. SHARP, SHARP FARMS, A NORTH CAROLINA PARTNERSHIP, COMPOSED OF THADDEUS PENDER SHARP, JR. AND ALAN D. SHARP, PARTNERS; AND SHARP FARMS, INC. A NORTH CAROLINA CORPORATION, DEFENDANTS

No. COA98-639

(Filed 4 May 1999)

**Trusts— constructive—equitable distribution—jury trial**

The trial court erred by denying defendants' demand for a jury trial as to a constructive trust claim arising from equitable distribution. A third party to an equitable distribution action has a state constitutional right to a trial by jury on a claim for constructive trust.

Judge TIMMONS-GOODSON dissenting.

Appeal by defendants Thaddeus Pender Sharp, Jr., Alan D. Sharp, Sharp Farms (a North Carolina partnership composed of Thaddeus Pender Sharp, Jr., and Alan D. Sharp), and Sharp Farms, Inc., from order entered 16 March 1998 by Judge Sarah F. Patterson in Wilson County District Court. Heard in the Court of Appeals 13 January 1999.

*Daughtry, Woodard, Lawrence & Starling, L.L.P., by Stephen C. Woodard, Jr., for plaintiff-appellee.*

*Walter L. Hinson, P.A., by Walter L. Hinson and Meredith P. Ezzell, for defendant-appellants.*

LEWIS, Judge.

Plaintiff Beth Sharp and her husband, Thaddeus Pender Sharp, III ("Pender"), married on 24 January 1970 and separated on 18 November 1996. Plaintiff alleges that in 1981 she and Pender purchased an interest in a farming partnership, Sharp Farms, for

$120,000. She alleges that the partnership held title to real and personal property acquired during the marriage and that she and Pender worked for the benefit of the partnership throughout their marriage. Pender; his brother, defendant Alan D. Sharp ("Alan"); and their father, Thaddeus P. Sharp, Jr. ("Thad"), were the three original members of the partnership. Plaintiff further alleges that on 31 October 1996, Pender withdrew from the partnership at a price substantially less than the fair market value of his interest and divested himself of his interest in partnership-owned real estate. Pender became an employee of the newly formed Sharp Farms, Inc., a corporation comprised of Thad and Alan.

On 19 December 1996, plaintiff filed an action for divorce from Pender, and Pender counterclaimed seeking equitable distribution. Although these pleadings are not included in the record, both parties apparently agree that such action was Wilson County File No. 96 CVD 2031. Plaintiff voluntarily dismissed her 1996 claim.

Plaintiff filed the complaint that is the subject of this appeal in early June of 1997. She named Pender, Thad, Alan, the partnership ("Sharp Farms"), and the corporation ("SF Inc.") as defendants. The 1997 complaint sought an unequal division of marital property, an interim distribution of marital property, imposition of a constructive trust, the nullification of certain transfers of property by Pender, the reconveyance of property, and consolidation of the 1997 action with Pender's 1996 counterclaim for equitable distribution.

Defendant Pender answered separately from defendants Thad, Alan, Sharp Farms, and SF Inc. Defendants Thad, Alan, Sharp Farms, and SF Inc. objected to plaintiff's motion to consolidate and demanded a trial by jury of all allowable issues. Plaintiff entered a voluntary dismissal of all claims except her actions for equitable distribution and constructive trust and her motion for consolidation. On 22 January 1998, Judge Sarah F. Patterson heard plaintiff's motion to consolidate, Pender's motions to dismiss and to compel discovery, and the other defendants' motion to sever. The trial court allowed plaintiff's motion to consolidate, noting that the legal issues of equitable distribution were the same. The trial court denied the defendants' motion to sever the constructive trust issue from the equitable distribution actions, saying, "The issue of constructive trust is not a cause of action which is to be severed from other actions, but rather is a request for equitable relief within the equitable distribution action itself." The trial court continued, explaining that since the

SHARP v. SHARP

[133 N.C. App. 125 (1999)]

equitable distribution action was the only issue and a non-jury issue, the motion seeking a jury trial was also denied.

Defendants Thad, Alan, Sharp Farms, and SF Inc. argue first that the trial court should have allowed their request for a jury trial and second that the trial court abused its discretion in denying their motion to sever. We note that an order denying a motion for a jury trial is immediately appealable. *See In re McCarroll*, 313 N.C. 315, 316, 327 S.E.2d 880, 881 (1985). This opinion addresses the dispute between plaintiff and defendants Thad, Alan, Sharp Farms, and SF Inc.; references to "defendants" hereafter indicate defendants exclusive of Pender Sharp.

This case requires us to address the question of first impression of whether a third party to an equitable distribution action has a state constitutional right to a trial by jury in an action for constructive trust.

> In order to determine whether there exists a constitutional right to trial by jury of a particular cause of action, we look to article I, section 25, which ensures that there is a right to trial by jury where the underlying cause of action existed at the time of adoption of the 1868 constitution, regardless of whether the action was formerly a proceeding in equity.

*Kiser v. Kiser*, 325 N.C. 502, 510, 385 S.E.2d 487, 491 (1989). "A constructive trust is a common law property right arising in equity to prevent a person from holding property under circumstances 'making it inequitable for him to retain it.' " *Lamb v. Lamb*, 92 N.C. App. 680, 685-86, 375 S.E.2d 685, 688 (1989) (quoting *Wilson v. Crab Orchard Dev. Co.*, 276 N.C. 198, 211, 171 S.E.2d 873, 882 (1970)). This property right arises immediately upon the wrongful act. *See Cline v. Cline*, 297 N.C. 336, 343, 255 S.E.2d 399, 404 (1979). A constructive trust has been described also as a duty imposed by the courts to prevent unjust enrichment, *see Guy v. Guy*, 104 N.C. App. 753, 757, 411 S.E.2d 403, 405 (1991), and as a remedy fashioned by the court, *see Weatherford v. Keenan*, 128 N.C. App. 178, 179, 493 S.E.2d 812, 813 (1997), *disc. review denied*, 348 N.C. 78, 505 S.E.2d 887 (1998).

Actions seeking to impose trusts in situations where it would be unfair for the legal title-holder to retain the property were recognized in North Carolina prior to 1868. *See, e.g., Smith v. Smith*, 60 N.C. 581 (1864); *Garner v. Garner*, 45 N.C. 1 (1852). Furthermore, constructive trust claims are routinely heard by juries in modern times. *See,*

*e.g., Lane v. Lane,* 115 N.C. App. 446, 448, 445 S.E.2d 70, 71, *disc. review denied,* 338 N.C. 311, 452 S.E.2d 311 (1994); *Watkins v. Watkins,* 83 N.C. App. 587, 589, 351 S.E.2d 331, 333 (1986); *Ferguson v. Ferguson,* 55 N.C. App. 341, 343, 285 S.E.2d 288, 290, *disc. review denied,* 306 N.C. 383, 294 S.E.2d 207 (1982). We hold that under *Kiser,* a third party litigant to an equitable distribution proceeding has a state constitutional right to a jury trial in an action seeking to impose a constructive trust.

Plaintiff seeks a constructive trust as one count of her complaint; she also seeks equitable distribution of her marital property. The result we reach today mandates that the trial judge allow defendants, here third parties to the marital property distribution, to have their case heard by a jury. This result is entirely consistent with our prior case law.

A judge in an equitable distribution action may recognize both legal and equitable interests in property and distribute such interests to the divorcing parties, even if such distribution requires an interest be "wrested from the hands of the legal titleholder by the imposition of a constructive trust." *Upchurch v. Upchurch,* 128 N.C. App. 461, 463, 495 S.E.2d 738, 739 (*Upchurch II*), *disc. review denied,* 348 N.C. 291, 501 S.E.2d 925 (1998). A plaintiff must name or join as defendants in her equitable distribution action those who are alleged to hold title to marital property. *See Upchurch v. Upchurch,* 122 N.C. App. 172, 176, 468 S.E.2d 61, 63-64 (1996) (*Upchurch I*). In *Upchurch I,* there was evidence that the husband had titled marital property and funds in his name and his sons' names. This Court held that the sons were "necessary part[ies] to the equitable distribution proceeding, with their participation limited to the issue of the ownership of that property." *Id.,* 468 S.E.2d at 64. Without the sons, "the trial court would not have jurisdiction to enter an order affecting the title to that property." *Id. Upchurch I* was remanded so that the trial judge could consider the evidence of a constructive trust under the clear and convincing evidence standard, and the trial judge's decision on remand also was appealed. *See Upchurch II.*

However, the sons in *Upchurch I* and *Upchurch II* did not request a jury trial on the issue of property to which they held title. We noted in *Upchurch II* that "the trial judge was responsible for determining the weight and credibility of the evidence" of a constructive trust because he was the finder of fact. *Upchurch II,* 128 N.C. App. at 468, 495 S.E.2d at 742. The *Upchurch* cases, therefore, hold that a judge in

an equitable distribution action may impose a constructive trust on property titled to a third party so long as that third party is made a party to the equitable distribution proceeding and does not ask for a jury.

Honoring a third party's state constitutional right to a jury trial is sound public policy. A third party should not lose any rights by virtue of doing business with a person who seeks or may later seek equitable distribution. Bifurcation of the claims, with a jury determining the facts surrounding a constructive trust claim, is necessary to protect the rights of civil litigants who demand, and are constitutionally guaranteed by *Kiser*, a jury. Here, the same judge who presides over the equitable distribution and other non-jury issues may convene a jury to determine the constructive trust issue.

We reverse the trial court's denial of defendants' demand for a jury trial as to the constructive trust claim. We do not reach the issue of severance of the claims, as the trial court has discretion to determine the most efficient and effective structure for the claims in light of our holding here. *See In re Dunn*, 129 N.C. App. 321, 326, 500 S.E.2d 99, 102, *disc. review denied*, 348 N.C. 693, 511 S.E.2d 645 (1998). We believe, however, that the risk of inconsistent verdicts is least if the constructive trust issue is resolved before the equitable distribution case. Moreover, first settling the constructive trust claim reduces the impact of the doctrine of election of remedies. *See Lamb*, 92 N.C. App. at 686-87, 375 S.E.2d at 688.

Reversed.

Judge WALKER concurs.

Judge TIMMONS-GOODSON dissents.

Judge TIMMONS-GOODSON dissenting.

The majority concludes that a third party to an equitable distribution action has the right under North Carolina's constitution to trial by jury on a claim seeking imposition of a constructive trust on property to which the third party holds legal title. I disagree with the majority's conclusion and, therefore, respectfully dissent.

In arriving at its conclusion, the majority distinguishes the present set of facts from those in *Upchurch v. Upchurch*, 122 N.C. App. 172, 468 S.E.2d 61 (1996) (*"Upchurch I"*) and *Upchurch v.*

*Upchurch*, 128 N.C. App. 461, 495 S.E.2d 738 ("*Upchurch II*"), *disc. review denied*, 348 N.C. 291, 501 S.E.2d 925 (1998). The majority notes that, unlike here, "the [third party] in *Upchurch I and Upchurch II* did not request a jury trial on the issue of property to which they held title." On the basis of this distinction, the majority has construed the *Upchurch* decisions to "hold that a judge in an equitable distribution action may impose a constructive trust on property titled to a third party *so long as that third party . . . does not ask for a jury.*" I must disagree with this construction, as it is too broad. Quite simply, this Court in *Upchurch I and II* was not confronted with the single issue of whether a third party to an equitable distribution action may request a jury trial on the question of whether a constructive trust should be imposed on property to which the party holds title. Thus, the *Upchurch* cases in no way bear on the issue currently presented. Rather, I believe that our Supreme Court's decision in *Kiser v. Kiser*, 325 N.C. 502, 385 S.E.2d 487 (1989), conclusively resolves the question now before us.

In *Kiser*, the Court examined the issue of whether a constitutional right to trial by jury exists in an action for equitable distribution. Answering this question in the negative, the Court stated that under its long-held interpretation of article I, section 25 of our constitution, the right to a jury trial is "found only where the prerogative existed by statute or at common law at the time the Constitution of 1868 was adopted." *Id.* at 507, 385 S.E.2d at 490. Having articulated the dispositive rule, the Court held as follows:

> The right to bring an action for equitable distribution of marital property did not exist prior to 1868, but was newly created by the General Assembly in 1981 with the passage of 1981 N.C. Sess. Laws ch. 815. Prior to the passage of this act the distribution of assets upon divorce depended on the application of other rules of law. Hence, there is no constitutional right to trial by jury on questions of fact arising in a proceeding for equitable distribution of marital assets under our longstanding interpretation of article I, section 25 and its predecessors, but rather any right to jury trial would have to be created by the express language of the act itself. No such right is contained in the equitable distribution statutes. Rather, the only reference to jury trial rights in the statutes says merely, "[n]othing in G.S. 50-20 or this section shall restrict or extend the right to trial by jury as provided by the Constitution of North Carolina." N.C.G.S. § 50-21(c) (1987).

*Id.* at 508-09, 385 S.E.2d at 490.

It is the majority's position that, in the case before us, the claim for constructive trust is separate and distinct from the action for equitable distribution, such that the party who holds title to the alleged trust property is entitled to have a jury decide the issue of whether such a trust exists. Contrary to the majority, I agree with the trial court that "[t]he issue of constructive trust is not a cause of action which is to be severed from other actions, but rather is a request for equitable relief within the equitable distribution action itself." As such, all issues pertaining to the constructive trust are "questions of fact arising in a proceeding for equitable distribution of marital assets," and thus, "there is no constitutional right to trial by jury." *Id.* at 508, 385 S.E.2d at 490.

As for defendants' contention that the trial court erred in denying their motion to sever the constructive trust issue from the equitable distribution action, I discern no error, since the trial judge is vested with broad discretion in determining whether severance is appropriate. *In re Dunn*, 129 N.C. App. 321, 326, 500 S.E.2d 99, 102, *disc. review denied and review dismissed*, 348 N.C. 693, 511 S.E.2d 645 (1998).

For the foregoing reasons, I vote to affirm the order of the District Court of Wilson County.