PAULINE W. KEISTLER; PAULINE W. KEISTLER, as ADMINISTRATRIX OF THE ESTATE OF JACK MUREAL KEISTLER, SR.; AND PAULINE W. KEISTLER; JACK MUREAL KEISTLER, JR.; JILL K. GREGG; JOEY L. KEISTLER; AND JUNE K. GIBSON, THE HEIRS AT LAW OF JACK MUREAL KEISTLER, SR., PLAINTIFFS-APPELLEES v. W.H. KEISTLER, JR. AND DOROTHY R. KEISTLER, DEFENDANTS-APPELLANTS

No. COA99-93

(Filed 7 December 1999)

**Trusts— resulting trust—summary judgment improper—parol evidence allowed**

In a case involving whether a resulting trust may be imposed in favor of one owner who has paid the consideration for the property against a non-paying joint owner, the trial court erred in granting summary judgment in favor of plaintiffs because there were genuine issues of material fact regarding plaintiffs' ownership interest in the five parcels of property and the parol evidence rule does not bar extrinsic evidence for the purpose of establishing a resulting trust on one co-tenant in favor of another co-tenant.

KEISTLER v. KEISTLER

[135 N.C. App. 767 (1999)]

Appeal by defendants from judgment entered 20 November 1998 by Judge James E. Lanning in Superior Court, Mecklenburg County. Heard in the Court of Appeals 21 October 1999.

*Perry, Patrick, Farmer & Michaux, P.A., by John H. Carmichael, for plaintiffs-appellees.*

*Larry D. Tucker and Caudle & Spears, P.A., by Harold C. Spears, for defendants-appellants.*

WYNN, Judge.

A resulting trust may arise when one furnishes the consideration to pay for property, but title is taken in the name of another. The defendants in this case argue that a resulting trust may be imposed in favor of one owner who has paid the consideration for the property against a non-paying joint owner. Because we agree that a resulting trust may be created between co-owners, we reverse the trial court's grant of summary judgment in favor of the plaintiffs.

The parties in this case dispute the ownership of five parcels of real property located in Mecklenburg County, North Carolina. One parcel is titled in the names of W. H. Keistler, Jr. and his brother J. M. Keistler, now deceased. The other four parcels are titled in the names of W. H. Keistler, Jr. and his wife Dorothy R. Keistler, and J. M. Keistler and his wife Pauline W. Keistler. The deeds are silent as to what interests or shares were granted to the separate grantees.

The plaintiffs in this action are J. M. Keistler's heirs at law—his widow, Pauline W. Keistler, and children, Jack Mureal Keistler, Jr., Jill K. Gregg, Joey L. Keistler, and June K. Gibson. After the death of J. M. Keistler, the plaintiffs brought an action against the defendants W. H. Keistler and his wife Dorothy R. Keistler, seeking an accounting for rents and profits from the five properties. The plaintiffs also sought a declaratory judgment concerning their ownership interests in the parcels.

In their answer and counterclaim, the defendants asserted that because they had paid the entire purchase price of the five properties, they had a purchase-money resulting trust as to the plaintiffs' interest in the five properties. The defendants argued that they purchased the properties for their benefit only and intended for the decedent and plaintiff Pauline W. Keistler to acquire legal title only. The defendants asked that the trial court order the plaintiffs to convey their legal title to the properties to them.

KEISTLER v. KEISTLER

[135 N.C. App. 767 (1999)]

The trial court granted summary judgment to the plaintiffs— affirming their one-half undivided interest in the properties—and dismissed the defendants' resulting trust claim. The trial court found that the deeds of conveyance were absolute and unambiguous on their face and concluded that any extrinsic evidence was barred by the parol evidence rule. The defendants brought this appeal.

The defendants argue that the trial court erred in granting summary judgment for the plaintiffs because there were genuine issues of material fact regarding the plaintiffs' ownership interest in the five parcels of property. They contend that the parol evidence rule does not bar extrinsic evidence for the purpose of establishing a resulting trust in their favor. We agree.

The parol evidence rule provides that when parties have formally and explicitly expressed their contract in writing, that contract shall not be contradicted or changed by contemporaneous oral agreements. *See Gaylord v. Gaylord*, 150 N.C. 222, 230, 63 S.E. 1028, 1032 (1909). However, the parol evidence rule does not bar evidence proving the existence of a resulting trust. *See Thompson v. Davis*, 223 N.C. 792, 794, 28 S.E.2d 556, 558 (1944). This is because evidence introduced to establish such a trust is not offered to contradict, alter or explain the written instrument. *See id.* at 795, 28 S.E.2d at 558 (Holding that the "deed has its full force and effect in passing the absolute title at law, and is not altered, added to, or explained by the trust, which is an incident attached to it, in equity, as affecting the conscience of the party who holds the legal title.")

A resulting trust arises where one person furnishes the consideration to pay for land, but the title is taken in the name of another. In such a case, a trust is created in favor of the party who furnished the consideration. *See Cline v. Cline*, 297 N.C. 336, 344, 255 S.E.2d 399, 404-05 (1979). When the facts of a case support the establishment of a resulting trust, the parol evidence rule has no application and extrinsic evidence is admissible. A resulting trust must be proven by clear, strong, and convincing evidence. *See Bowen v. Darden*, 241 N.C. 11, 14, 84 S.E.2d 289, 292 (1954). This finding is a matter solely within the province of a jury. *See id.*

One exception to the general rule that parol evidence may be admitted to prove the existence of a resulting trust is that as a matter of law, parol evidence may not be admitted to prove the existence of a resulting trust in favor of a deed's grantor. *See, e.g., Gaylord v. Gaylord, supra; Guy v. Guy*, 104 N.C. App. 753, 411 S.E.2d 403 (1991);

*Tomlinson v. Brewer*, 18 N.C. App. 696, 197 S.E.2d 901 (1973). However, the issue presented in this case is whether a resulting trust can be imposed on one cotenant in favor of another cotenant.

In the resulting trust case of *Guy v. Guy, supra,* this Court explicitly stated: "Parties to an integrated document cannot introduce either oral or written evidence which contradicts the writing." *Id.* at 756, 411 S.E.2d at 405. In that case, as in others, we did not allow a grantor to impose a resulting trust on a grantee. We held that a resulting trust may only arise where there is a grantor, a grantee, and a beneficiary who is not a party to the document. Of the three, only the non-party beneficiary may introduce evidence about a resulting trust because the others would breach the parol evidence rule if they were to do so.

This Court's holding in *Guy* supports the position that the defendants in this case—parties to the disputed deed—may not impose a resulting trust on the other parties to the deed. But we are bound to follow *Bowen v. Darden, supra,* where our Supreme Court allowed a jury to determine whether a resulting trust existed in a joint-ownership situation.

In *Bowen,* Mrs. Fannie V. Bowen paid the entire purchase price for residential property located in Greenville, North Carolina. She contended that she was "disappointed when she later learned" that the deed was written to convey a life interest to her with the remainder interest to her daughter Hildred B. Darden. *Id.* at 15, 84 S.E.2d at 293. Although both Mrs. Bowen and her daughter were parties to the deed, our Supreme Court held that "a trust resulted in favor of Mrs. Bowen." *Id.* at 17, 84 S.E.2d at 294.

The plaintiffs in this case argue that *Bowen* differs from the case at bar because the people seeking to establish the resulting trust—Mrs. Bowen's nine other children—were not parties to the deed. But the nine plaintiffs in that case were the heirs of their deceased mother, Mrs. Bowen. Under the rationale of our Supreme Court in *Bowen,* the resulting trust favored Mrs. Bowen as the party who had furnished the consideration, not her children. The children—including Hildred B. Darden—only benefitted from that declaration because the property was then transferred to Mrs. Bowen's estate and they were her heirs.[1]

---

1. We recognize that the facts of the Bowen case appear to indicate the existence of a constructive trust (which is based on a breach of fiduciary duty or fraud) rather than a resulting trust. However, our Supreme Court in *Bowen,* after discussing the dif-

**KEISTLER v. KEISTLER**

[135 N.C. App. 767 (1999)]

In the present case, the defendants paid all of the purchase price for the properties, and the titles were taken jointly in the names of both plaintiffs and defendants. The defendants argue that they never intended for the plaintiffs to acquire beneficial interests in the properties, but legal title only. Following *Bowen*, the defendants set forth facts sufficient to constitute a resulting trust and that evidence on which they rely to establish the trust is sufficient to carry the case to a jury.[2]

Summary judgment is properly granted when there is no genuine issue as to any material fact and one party is entitled to a judgment as a matter of law. N.C.R. Civ. P. 56(c) (1990). Since we hold that a resulting trust can be established in favor of a joint owner, a question of fact remains that must be decided by a jury. The trial court erred in granting summary judgment for the plaintiffs. The decision of the trial court is,

Reversed.

Judges HORTON and EDMUNDS concur.

---

ferences between a constructive or resulting trust, expressly found that "plaintiffs alleged sufficient facts to constitute a resulting trust . . . ." *Bowen*, 241 N.C. at 14, 84 S.E.2d at 292.

2. It is interesting to note that *Bowen*'s pronouncement that a resulting trust may be imposed by one owner on another owner is supported by the position of the Restatement (Second) of Trusts §§ 440 and 441.

> Where a transfer of property is made to one person and the purchase price is paid by another, a resulting trust arises in favor of the person by whom the purchase price is paid, except as stated in §§ 441, 442 and 444.

Restatement (Second) of Trusts § 440 (1957).

> A resulting trust does not arise where a transfer of property is made to one person and the purchase price is paid by another, if the person by whom the purchase price is paid manifests an intention that no resulting trust should arise.

Restatement (Second) of Trusts § 441 (1957).

Comment (e) to this section provides that when one person pays for the property but takes title jointly with another, a presumption arises that the payer intended to make a gift to the other person. This presumption is rebuttable.

Since the parties do not address this comparison, we decline to consider adopting the Restatement position in this opinion. (For cases in which we have adopted provisions from various Restatements, *see, e.g. Meachum v. Faw*, 112 N.C. App. 489, 436 S.E.2d 141 (1993); *Warzynski v. Empire Sys., Inc.*, 102 N.C. App. 222, 401 S.E.2d 801(1991); *Board of Transp. v. Charlotte Park and Recreation Comm'n*, 38 N.C. App. 708, 248 S.E.2d 909 (1978).)